## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAYLA DIONNE LEWIS**<br>3029 Walbrock Ave.<br>Baltimore, MD 21216<br><br>Plaintiff<br><br>  v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**<br>SERVE:<br>Mayor Muriel Bowser<br>Designee Darlene Fields<br>Civil Litigation Division, Ste 6000 South<br>441 4th Street, NW<br>Washington, DC 20001<br>202-724-6507<br><br>Defendant | Civil Action No.: |

## CLASS ACTION

## COMPLAINT FOR JUDGMENT AND MONEY DAMAGES AND INJUNCTIVE RELIEF AND EQUITABLE RELIEF AND DECLARATORY RELIEF AND JURY DEMAND

### (§ 1983 Civil Rights Claims)

### Introduction

**1.** Kayla Dionne Lewis on behalf of herself and the Gerstein Class (defined below) bring

this action under 42 U.S.C.A. § 1983 against the Government of the District of Columbia (the

"District") for injuries she and the other members of the class suffered during the Class Period

because the District (through the Superior Court judicial officers and the District of Columbia

Department of Corrections ("DOC")) has a policy and practice of holding arrestees on the basis of a prosecutor's information on "Gerstein perfection" holds after a judicial officer has found no probable cause at presentment to allow the prosecutor to " perfect the Gerstein," that is, assemble additional facts justifying continued detention.

**2.**     A "Gerstein perfection" is when the government's request for a no-bail hold is denied at presentment because the arresting officer's sworn statement ("Gerstein") submitted in support of the hold does not establish probable cause facts to support the arrest and pre-trial detention. The court orders the arrestee held and detained overnight for a "Gerstein perfection" hold to allow the government an opportunity to "perfect the Gerstein" by submitting a revised Gerstein that does make out probable cause.

## Jurisdiction and Venue

**3.**     This Court has original jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**4.**     This Court has supplemental jurisdiction over the common law claim pursuant to 28 U.S.C. § 1367.

**5.**     Venue is appropriate in this District.  Each of the claims for relief arose in this judicial district and all events described herein occurred in the District of Columbia.

## PARTIES

**6.**      Ms. Lewis is an adult arrested without a warrant and detained and presented in Superior

Court pursuant to Superior Court Rule of Criminal Procedure 5 for an alleged violation of the

DC Code.

**7.**      The District is a municipal corporation capable of being sued under D.C. Code § 1-102.

**8.**      During all events described herein, all judicial officers and police officers and corrections

officers referred to herein, named or unnamed, unless otherwise specified, were officers of the

District of Columbia acting within the scope of that employment, in furtherance of the interests

of the District of Columbia, and under color of the statutes, ordinances, rules, customs, and usage

of the District of Columbia.

## GERSTEIN "PERFECTION" IN SUPERIOR COURT

**9.**      Under Gerstein v. Pugh, 420 U.S. 103 (1975) the government may not detain an

individual arrested in a warrantless arrest longer than needed to complete "the administrative

steps incident to arrest" without a finding of probable cause made by a neutral and detached

magistrate.

**10.**     The probable cause determination may be made on the basis of a sworn affidavit made by

one of the arresting officers.

**11.**     But, an information signed by the prosecution is not sufficient to justify the continued

detention of an arrestee under Gerstein.

**12.**     Finally, under Gerstein, an arrestee must be released if the government cannot establish

probable cause to justify the arrest and continued detention of an arrestee by sworn affidavit by

one of the arresting officers (the "<u>Gerstein</u>") or some other Constitutional means such as live testimony by one of the arresting officers.

**13.**      In the District pursuant to Superior Court Rule of Criminal Procedure, Rule 5 all persons arrested in warrantless arrests are taken to the Superior Court for presentment after "the administrative steps incident to arrest" have been completed.

**14.**      Therefore, by definition, the District has completed all "the administrative steps incident to arrest" for  all persons taken to the Superior Court for presentment pursuant to Superior Court Rule of Criminal Procedure, Rule 5.

**15.**      In the Superior Court the practice is that the judicial officer will not order an arrestee detained unless the prosecutor submits a sworn affidavit by one of the arresting officers (the "<u>Gerstein</u>") which establishes the probable cause facts.

**16.**      The prosecutor almost never puts on live testimony to establish probable cause.

**17.**      However, the District, through its Superior Court judicial officers, has also developed an unconstitutional policy and practice of detaining arrestees at presentment even when the judicial officer has made a finding that the "<u>Gerstein</u>" is defective because the officer's sworn statement does not establish probable cause to justify continued detention if, on the basis of the prosecutor's information, the prosecutor asks for a "<u>Gerstein perfection</u>" hold.

**18.**      Under a "<u>Gerstein perfection</u>" hold the judicial officer orders the arrestee held on the basis of the prosecutor's information in a District of Columbia DOC facility (the DC Jail or CTF) until the next court date to allow the government to "perfect the <u>Gerstein</u>," that is, obtain a revised <u>Gerstein</u> which sets out the facts needed to establish probable cause.

**19.**     This policy and practice of holding an arrestee over until the next court date to allow the prosecutor to "perfect the <u>Gerstein</u>" violates the Fourth Amendment because it violates the Fourth Amendment under <u>Pugh v. Gerstein</u> to detain an arrestee after "the administrative steps incident to arrest" have been completed after a finding by a judicial officer that the government lacks probable cause to support the arrest and the continued pre-trial detention.

**20.**     Moreover, allowing the District to hold the arrestee overnight while the prosecutor seeks a "perfected" <u>Gerstein</u> violates the arrestee's Eighth Amendment right to a bail determination because the Superior Court judicial officers do not allow bail pending the "<u>Gerstein perfection</u>" hold.

### <u>DETAILS OF LEWIS' ARREST AND DETENTION FOR GERSTEIN PERFECTION</u>

**21.**     Ms. Lewis's contact with MPD began on about 11/1/2014 when she was arrested by the MPD for DUI (driving while impaired).

**22.**     Ms. Lewis was presented in Superior Court on 11/3/2014 pursuant to Superior Court Rule of Criminal Procedure, Rule 5 after all "the administrative steps incident to [her] arrest" had been completed.

**23.**     The assistant attorney general of the District of Columbia Office of the Attorney General ("OAG") submitted a <u>Gerstein</u> and asked the judicial officer for an "(a)(1)(A) hold," that is, to order Ms. Lewis held for a detention hearing pursuant to D.C. Code § 23–1322(a)(1)(A).

**24.**     But, as defense counsel pointed out, the <u>Gerstein</u> did not establish probable cause.

**25.**     The judicial officer held that the <u>Gerstein</u> did not establish probable cause.

**26.**     Nonetheless, instead of releasing Ms. Lewis or at least giving her a bail hearing, the

judicial officer ordered Ms. Lewis held until the next day, 11/4/2014, for a "24 Hour Gerstein

Perfection" to give the District an opportunity to "perfect the <u>Gerstein</u>."

**27.**     As a result, officers of the District of Columbia DOC transported Ms. Lewis to the DC

Jail.

**28.**     Ms. Lewis was committed to the jail and as part of the intake process she was subjected

to a degrading and humiliating strip search.

**29.**     She spent the night in the DC Jail or another DOC facility.

**30.**     The next morning, officers of the District of Columbia Department of Corrections

returned Ms. Lewis to the Superior Court Courthouse.

**31.**     The "government did not perfect the [G]erstein" as the docket entry reads and so the

judicial officer ordered Ms. Lewis released with conditions and she was released.

## SUBSTANTIVE ALLEGATIONS FOR CLAIMS

### Claim 1

### § 1983 Liability of District of Columbia under the Fourth Amendment

**32.**     Ms. Lewis adopts by reference the contents of the preceding paragraphs as if fully set

forth herein.

**33.**     The District of Columbia violated her Fourth Amendment rights and the Fourth

Amendment rights of the Gerstein Class by holding her and them them after presentment after

the administrative steps incident to their arrests had been completed even after a judicial finding

of no probable cause so that the District could "perfect the <u>Gerstein</u>."

**34.**    Accordingly, Ms. Lewis and the other members of the Gerstein Class are entitled to damages and other relief as set forth below.

## Claim 2

### § 1983 Liability of District of Columbia under the Eighth Amendment

**35.**    Ms. Lewis adopts by reference the contents of the preceding paragraphs as if fully set forth herein.

**36.**    The Eighth Amendment guaranteed Ms. Lewis and the members of the Gerstein Class the right a bail hearing after their warrantless arrests.

**37.**     The District violated their Eighth Amendment rights by holding them without probable cause after the administrative steps incident to their arrest had been completed without holding a bail hearing.

**38.**    Accordingly, Ms. Lewis and the other members of the Gerstein Class are entitled to damages and other relief as set forth below.

## RULE 23 CLASS ALLEGATIONS

**39.**    Ms. Lewis on behalf of herself and the Gerstein Class bring this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (1) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated; (2) was arrested in a warrantless arrest; (3)  and at presentment in Superior Court was ordered held without a bail or a

bail determination; (4) after the judicial officer held that the <u>Gerstein</u> did not establish probable cause.

**40.**   Certification of the class under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia has a policy and practice for each claim that has uniformly affected all members the class, and injunctive relief and declaratory judgment and a judgment against the District will benefit each and every plaintiff and class member.

**41.**   Ms. Lewis and the class are entitled to injunctive relief including an injunction prohibiting the District from holding arrestees arrested in warrantless at presentment arrests unless the government establishes probable cause to justify the arrest and continued detention.

**42.**   Ms. Lewis and the class are entitled to declaratory judgment against the District that the District's policy and practice of holding arrestees on "<u>Gerstein perfection</u>" holds for "<u>Gerstein perfection</u>" hearings after the judicial officer has held that the <u>Gerstein</u> does not establish probable cause is unconstitutional.

**43.**   Certification of these class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

**44.**   These class is entitled to monetary relief.

**45.**   Regarding Ms. Lewis and the class, there are no individual questions on the issue of liability, because all members of these class are injured by the same policy and practices.

**46.**   Among the questions of law and fact common to the class are:

**a)**      whether the District through its judicial officers has a policy and practice of holding arrestees on "<u>Gerstein perfection</u>" holds for "<u>Gerstein perfection</u>" hearings after the judicial officer has held that the <u>Gerstein</u> does not establish probable cause;

**b)**      whether the District's policy and practice of holding arrestees on "<u>Gerstein</u> <u>perfection</u>" holds for "<u>Gerstein perfection</u>" hearings after the judicial officer has held that the <u>Gerstein</u> does not establish probable cause is unconstitutional under the Fourth Amendment;

**c)**      the District's policy and practice of holding arrestees on "<u>Gerstein perfection</u>" holds for "<u>Gerstein perfection</u>" hearings after the judicial officer has held that the <u>Gerstein</u> does not establish probable cause is unconstitutional under the Eighth Amendment;

**d)**      whether Ms. Lewis and the members of the class and future members are entitled to equitable relief, and, if so, what is the nature of that relief;

**e)**      whether determination of damages suffered by the class can be awarded by a jury setting a damages matrix for determination of all class members' damages;

**f)**      whether Ms. Lewis and the other class members are entitled to "general" damages for arrest and detention; and

**g)**      whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages.

**47.**      The Gerstein Class is so numerous that joinder of all members is impracticable.  The exact number of the members of the Gerstein Class is unknown to plaintiffs at this time but the number of arrestees held on "<u>Gerstein perfection</u>" holds for "<u>Gerstein perfection</u>" hearings after

the judicial officer has held that the <u>Gerstein</u> does not establish probable cause each year numbers at least 50.

**48.**     Each of Ms. Lewis' claims is typical of the claims of the other members of the Gerstein Class because Ms. Lewis and all other members of the Gerstein Class were injured by exactly the same means, the unconstitutional policy or practice.

**49.**     Ms. Lewis on behalf of herself and the other members of the Gerstein Class will fairly and adequately protect the interests of the members of the Class and she has retained counsel who are competent and at least two are experienced in complex federal civil rights class action litigation.

**50.**     Ms. Lewis on behalf of herself and the Gerstein Class has no interests that are contrary to or in conflict with those of the Class.

**CLASS RELIEF DEMANDS**

Ms. Lewis on behalf of herself and all other members of the Gerstein Class respectfully requests that this Court grant the following relief:

**A.**          Enter judgment in their favor on all of their claims;

**B.**          Declare the District's Gerstein policy and practice described above is unconstitutional under the Fourth Amendment and the Eighth Amendment.

**C.**          Award Ms. Lewis and the other class members' nominal damages in connection with any declaration that the District's Gerstein policy and practice described above is unconstitutional.

**D.**          Grant a jury trial on all claims so triable.

**E.**      Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Gerstein Class and designating Ms. Lewis as the proper representative of the Gerstein Class and appointing William Claiborne and Michael Bruckheim and Lynn Cunningham as class counsel.

**F.**      Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2) and 23(b)(3).

**G.**      Award Ms. Lewis and all the other class members compensatory and consequential damages in an amount to be determined at trial;

**H.**      Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**I.**      Grant such other relief as this Court deems just and proper.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579 | /s/ Michael Bruckheim<br>MICHAEL BRUCKHEIM<br>D.C. Bar # 455192. |
| Counsel for Ms. Lewis on behalf of herself and the putative class members | Counsel for Ms. Lewis on behalf of herself and the putative class members |
| 2020 Pennsylvania Ave., N.W<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700 | One Church St<br># 910<br>Rockville, MD 20850<br>Phone (240) 753-8222 |
| Email claibornelaw@gmail.com | Email Michael@brucklaw.com |

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ Lynn E. Cunningham<br>LYNN E. CUNNINGHAM<br>DC Bar # 221598<br><br>Counsel for Ms. Lewis on behalf of herself and the putative class members<br><br>306 Westview Drive,<br>Dubois, WY 82513<br>Phone: 307-431-4158<br><br>Email: lcunningham@law.gwu.edu | |

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.


/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiffs
and the Class