UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAYLA DIONNE LEWIS,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>*Defendant*. | Civil Action No. 15-352 (RBW) |

**DEFENDANT THE DISTRICT OF COLUMBIA'S RESPONSE
TO PLAINTIFFS' NOTICE OF SUBMISSION OF NEW AUTHORITY**

**INTRODUCTION**

The Court should disregard plaintiffs' Notice of Submission of New Authority (Notice) for two reasons. First, the "new" authority—*Odonnell v. Harris County*, 2016 U.S. Dist. LEXIS 174628 (S.D. Tex. Dec. 16, 2016)—does not, as plaintiffs suggest, rebut the arguments presented in the District of Columbia's (the District) Motion to Dismiss the Second Amended Complaint (Motion), including that the Court should dismiss Claims I and II because they are predicated on actions taken by a D.C. Superior Court judge in a judicial capacity. Those actions cannot form the basis of municipal liability under 42 U.S.C. § 1983 (Section 1983) because D.C. Superior Court judges are not policymakers for the District. Second, the Notice is an improper attempt to file a surreply without obtaining leave of court.

**ARGUMENT**

**I.   Plaintiffs' "New" Authority is Distinguishable from this Case.**

*Odonnell* is distinguishable from this case. In *Odonnell*, the plaintiffs alleged that the Sheriff and County Judges in Harris County, Texas promulgated policies that violated their

constitutional rights "by detaining people arrested for misdemeanor offenses who are unable to pay a financial bail bond much longer than those financially able to pay." 2016 U.S. Dist. LEXIS 174628 at *2. The *Odonnell* Court noted that "[c]ase law emphasizes the 'unique structure of county government in Texas' that grants county judges 'numerous executive, legislative and administrative chores in the day-to-day governance of the county.'" *Id.* at *70 (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). The court determined that in: "(1) promulgating the written Rules of Court; (2) overseeing and enforcing the alleged unwritten policies; and (3) acquiescing in the Hearing Officers' unwritten customs or practices by refusing to correct them in the written policies, the County Judges act in a legislative or administrative capacity to set policy for Harris County." *Id.* at *77. As a result, the court concluded that plaintiffs had "provide[d] a plausible basis to find that the County Judges act for Harris County in their allegedly unconstitutional policies, customs, or practices regulating bail for misdemeanor arrestees in Harris County." *Id.* at *78. The court reasoned, in part, that "[t]he Harris County Rules of Court, and the alleged unwritten amendments to those Rules, are more similar to rules passed by legislative or administrative enactment than they are to court-or judge-specific rules or order involving the exercise of discretion to choose among permissible alternatives, including the orderly process of trial." *Id.* at *77 (citations omitted).

Contrary to the facts in *Odonnell*, plaintiffs, here, do not allege in Claims I and II of the Second Amended Complaint that a D.C. Superior Court judge acted in an administrative (or non-judicial) capacity. Nor can they make such allegation. Claims I and II of the Second Amended Complaint are predicated on a D.C. Superior Court judge acting in a judicial capacity by ordering plaintiffs' detention pursuant to District law. Indeed, plaintiffs allege that they were held pursuant to a District statute. *See* Second Am. Compl. at ¶¶ 74, 80 ("The assistant attorney

general … submitted a <u>Gerstein</u> and asked the judicial officer for an '(a)(1)(A) hold,' that is, to order Ms. Lewis held for a detention hearing pursuant to D.C. Code § 23-1322(a)(1)(A) which authorizes a discretionary hold"; "When the defense suggested that the <u>Gerstein</u> perfection hold was discretionary, the judicial officer stated, 'I've read the statute, been here five years, been trained and -- … [t]he bottom line is they get the 24 hours.'"), ¶¶ 90, 92 ("The AAG submitted a <u>Gerstein</u> and asked the judicial officer for an '(a)(1)(A) hold,' that is, to order Mr. Hill held for a detention hearing pursuant to D.C. Code § 23-1322(a)(1)(A) which is a discretionary hold"; "In response to the AAG's request the judicial officer said, 'Back tomorrow for a <u>Gerstein</u> perfection.'"). As the District argued in its memorandum and reply filed in support of the Motion, such actions cannot form the basis for municipal liability. *See* Mem. at 11-14 [27]; Reply at 6-8 [32]. In fact, *Odonnell* acknowledges that a "'municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker' for purposes of § 1983 liability." 2016 U.S. Dist. LEXIS 174628 at *30 (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)) (other citation omitted). Thus, *Odonnell* does not support plaintiffs' position.

II. **Plaintiffs' Notice is an Improper Attempt to Address the District's Reply Without Obtaining Leave of Court.**

In addition, the Court should disregard the Notice because it is a surreply filed in the guise of "new" authority. For example, the District argued in its Motion that the Court should dismiss Claims I and II under Federal Rule of Civil Procedure 12(b)(7) because plaintiffs failed to join the United States as a necessary party. Mem. at 15-17 [27]. In its reply, the District stated that contrary to the representation in plaintiffs' opposition, "the District did articulate a basis for why the United States is a necessary party, which plaintiffs have failed to rebut." Reply at 9-10 [32]. On pages 1-3 of the Notice, plaintiffs attempt to address the District's argument for the first

time by arguing that they do not bring any claims involving the conduct of the United States. Notice at 2 [33] ("[b]oth Ms. Lewis and Mr. Hill were prosecuted by District prosecutors on District charges."). Plaintiffs' argument fails to undermine the District's showing that the relief plaintiffs seek—a declaratory judgment finding the "Gerstein policy and practices … unconstitutional under the Fourth Amendment," SAC ¶ 129 (incorrectly numbered as ¶ 102)— would impact the United States because the United States Attorney's Office for the District of Columbia handles certain misdemeanors and adult felony cases in the D.C. Superior Court. Complete relief cannot be afforded in the absence of the United States should the Court deny the District's Motion. *See* Mem. at 15-17 [27]; Reply at 9-10 [32].

The Notice devotes the majority of page 3 and pages 4-10 to responding (yet again) to the District's arguments that the Court should dismiss Claims I and II because they are premised on official acts by D.C. Superior Court judges who are not policymakers for the District. *See* Notice at 3 ("The District contends in its Motion to dismiss the Second Amended Complaint and its Reply that 'a single judicial decision by a municipal judge or court cannot expose a municipality to liability under Section 1983 because those decisions do not represent the policy of the municipality.' [32], p. 6."), 6-10 [33]. Plaintiffs merely reiterate the arguments in their opposition, which fail for the reasons stated above.

On pages 10-11 of the Notice, plaintiffs attempt to raise for the first time substantive arguments in support of their strip search claim (Claim III) after the District noted in its reply, Reply at 9 [32], that plaintiffs did not address the District's arguments regarding that claim. In their opposition, plaintiffs only stated that they "maintain their theory that the strip-searches violate the 5th Amendment." Pls.' Opp'n at 30 [30]. The Court should disregard the Notice because it is in substance a surreply filed without leave of court. *See United States ex rel. Pogue*

*v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002) ("A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond.")

## CONCLUSION

For the foregoing reasons, the District requests that the Court disregard plaintiffs' Notice of Submission of New Authority and grant its Motion to Dismiss the Second Amended Complaint.

Dated: March 10, 2017.   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (D.C. Bar No. 453765)
Chief, Equity Section

/s/ Michael A. Tilghman II
FERNANDO AMARILLAS (D.C. Bar No. 974858)
MICHAEL A. TILGHMAN II (D.C. Bar No. 988441)
Assistant Attorneys General
Suite 630 South
441 Fourth Street, N.W.,
Washington, D.C. 20001
(202) 727-6247
(202) 741-8776
michael.tilghman@dc.gov

*Counsel for Defendant*
*The Government of the District of Columbia*