UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KAYLA DIONNE LEWIS and              )
FELTON HILL,                        )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )     Civil Action No. 15-352 (RBW)
                                    )
GOVERNMENT OF THE                   )
DISTRICT OF COLUMBIA,               )
                                    )
            Defendant.              )
_____ )

## MEMORANDUM OPINION

Kayla Dionne Lewis and Felton Hill, the named plaintiffs in this civil suit, bring this putative class action against the District of Columbia ("the District") under 42 U.S.C. § 1983 (2012), alleging constitutional violations arising from their arrests and subsequent detentions by the District in 2014. See generally Second Amended Complaint and Jury Demand ("2d Am. Compl."). Currently before the Court are the Plaintiffs' Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54 ("Pls.' Rule 54 Mot."), the Plaintiffs' Motion for Leave to Amend the Second Amended Complaint and to File Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15 ("Pls.' Rule 15 Mot."), and the Plaintiffs' Motion to Sever Claims Two and Three into Two Separate Actions pursuant to Federal Rule of Civil Procedure 21 ("Pls.' Rule 21 Mot."). Upon careful consideration of the parties' submissions,[1] the Court concludes for the reasons that follow that it must deny all of the plaintiffs' motions.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) Defendant the District of Columbia's Opposition to Plaintiffs' Motion for Reconsideration ("Def.'s Rule 54 Opp'n"); (2) the Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Reconsideration ("Pls.' Rule 54 Reply"); (3) Defendant District of Columbia's Opposition to Plaintiffs' Motion for Leave to Amend
(continued . . . )

# I. BACKGROUND

The Court discussed the factual background of this case in its Memorandum Opinion issued on June 27, 2016, see Lewis v. District of Columbia, 195 F. Supp. 3d 53, 56–57 (D.D.C. 2016) (Walton, J.), as well as in its Order issued on May 15, 2017, see Order ("May 15, 2017 Order") at 2–3 (May 15, 2017), ECF No. 36, and will not reiterate those facts again here. In their Second Amended Complaint, the plaintiffs asserted three claims under 42 U.S.C. § 1983: (1) Fourth Amendment violations resulting from the District's policy of "holding [individuals] after [their] presentment[s and] after the administrative steps incident to their arrests had been completed without an affirmative finding of probable cause . . . so that the District could 'perfect the Gerstein'" affidavits required to legally authorize their detentions (the "Gerstein claim"),[2] 2d Am. Compl. ¶ 101; (2) Fourth Amendment violations resulting from the District's practice of "holding [individuals] for more than [forty-eight] hours after their arrest without a finding of probable cause by a judicial officer" (the "Riverside claim"),[3] id. ¶ 105; and (3) Fourth and Fifth Amendment violations resulting from the District's policy of "subjecting [individuals] to blanket strip-searches at the [District of Columbia] Jail after presentment . . . without an affirmative

---

( . . . continued)
the Second Amended Complaint and to File Third Amended Complaint ("Def.'s Rule 15 Opp'n"); (4) the Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Leave to Amend the Second Amended Complaint and to File Third Amended Complaint ("Pls.' Rule 15 Reply"); (5) Defendant District of Columbia's Opposition to Plaintiffs' Motion to Sever Claims Two and Three into Two Separate Actions ("Def.'s Rule 21 Opp'n"); (6) the Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Sever Claims Two and Three into Two Separate Actions ("Pls.' Rule 21 Reply"); (7) the Plaintiffs' Notice of Supplemental Authority ("Pls.' Notice"); (8) Defendant the District of Columbia's Response to Plaintiffs' Notice of Supplemental Authority ("Def.'s Notice Opp'n"); and (9) the Plaintiffs' Reply to [the] Defendant's Opposition ("Pls.' Notice Reply"), ECF No. 49 (corrected version).

[2] A Gerstein affidavit is "filed to provide a proper basis for the judicial finding of probable cause that Gerstein v. Pugh, 420 U.S. 103 . . . (1975), requires to justify restraint after an arrest." In re Holloway, 995 F.2d 1080, 1083 (D.C. Cir. 1993).

[3] In County of Riverside v. McLaughlin, the Supreme Court reiterated its holding in Gerstein that "warrantless arrests are permitted[,] but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause," 500 U.S. 44, 53 (1991) (citing Gerstein, 420 U.S. at 114), and held that "a jurisdiction that provides judicial determinations of probable cause within [forty-eight] hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein," id. at 56.

finding of probable cause so that the District could 'perfect the Gerstein'" affidavits (the "strip search claim"), id. ¶ 110. The plaintiffs sought through their Second Amended Complaint, which they now seek to amend, both declaratory relief and money damages. See id. at 21–22.

In its May 15, 2017 Order, the Court held that the United States Attorney for the District of Columbia (the "U.S. Attorney") is a required party to this litigation under Federal Rule of Civil Procedure 19(a)(1) for two reasons. See May 15, 2017 Order at 6–7. First, the Court concluded that the U.S. Attorney is a required party under Rule 19(a)(1)(B)(i) because "Assistant U.S. Attorneys are supposed to review the Gerstein statements prepared by [ ] police officers to ensure that they satisfy the probable cause requirement necessary to merit the filing of charges against arrestees," and "any ruling the Court makes in this case will necessarily impact the operations of the U.S. Attorney's office because it will impact the papering, i.e., processing, of arrestees charged with offenses prosecuted by that office." Id. at 7; see also id. ("[T]he U.S. Attorney, as one of the two prosecuting authorities in the District, 'claims an interest relating to' the policies and procedures governing probable cause hearings in Superior Court, and [ ] disposing of the suit without the U.S. Attorney could 'impair or impede [her] ability to protect th[at] interest.'" (last alteration in original) (quoting Fed. R. Civ. P. 19(a)(1)(B)(i))). Second, the Court concluded that the U.S. Attorney is also a required party under Rule 19(a)(1)(A) because the Court "could not 'accord complete relief among existing parties' without the inclusion of the U.S. Attorney [given that] any relief it may grant on behalf of the plaintiffs . . . could not bind the U.S. Attorney if [s]he is not a party in this case." Id.

The Court, however, declined to dismiss the case pursuant to Rule 12(b)(7) at that time because (1) "dismissal pursuant to Rule 12(b)(7) 'is warranted only when the defect is serious and cannot be cured,'" id. (quoting Direct Supply, Inc. v. Specialty Hosps. of Am., LLC, 878 F.

3

Supp. 2d 13, 23 (D.D.C. 2012)); (2) "Rule 19 requires the Court to join a required party that has not been joined," id. (citing Fed. R. Civ. P. 19(a)(2)); and (3) "the District ha[d] made no argument that the U.S. Attorney's absence cannot be cured," id. Accordingly, the Court ordered the plaintiffs to "file a third amended complaint including the [U.S.] Attorney . . . as a defendant." Id. at 8.

Instead of including the U.S. Attorney as a party as directed by the Court, the plaintiffs filed their motion for leave to file a third amended complaint that omits their Gerstein claim and amends the allegations and proposed class definitions in order "to obviate the need to join the U.S. Attorney." Pls.' Rule 15 Mot. at 3. In response to this submission, the Court

> conclude[d] that it would benefit from full briefing on whether the District . . . believes that the plaintiffs' proposed third amended complaint resolves the need to join the U.S. Attorney as a party, and the plaintiffs' response thereto, in light of the Court's prior "conclu[sion] that the U.S. Attorney, as one of the two prosecuting authorities in the District, 'claims an interest relating to' the policies and procedures governing probable cause hearings in Superior Court, and that disposing of the suit without the U.S. Attorney could 'impair or impede [her] ability to protect th[at] interest.'"

Order at 2–3 (June 6, 2017), ECF No. 39 (second and fourth alterations in original) (quoting May 15, 2017 Order at 7).

After the plaintiffs' motion for leave to file their third amended complaint was fully briefed, the plaintiffs filed their motion to sever their strip search claim,

> propos[ing] that the Court grant [their] [m]otion [ ] for leave to amend . . . , grant the[ir] motion to sever, and then, if the Court concludes that the [U.S. Attorney] is a [required[4]] party, order [plaintiff] Lewis to file a Fourth Amended Complaint naming the [U.S. Attorney] as a party to [the Riverside claim] but not the severed [strip search claim].

---

[4] Both parties use the term "necessary," but that term "ha[s] become obsolete in the Rule 19 context as a result of stylistic changes to the Rule," see Vann v. Kempthorne, 534 F.3d 741, 745 n.1 (D.C. Cir. 2008), which now uses the term "[r]equired," see Fed R. Civ. P. 19(a)(1).

4

Pls.' Rule 21 Mot. at 1. Thereafter, the plaintiffs filed their motion for reconsideration, requesting that the Court reconsider its ruling in the May 15, 2017 Order "that the U.S. Attorney is a [required] party to the case pursuant to Fed. R. Civ. P. 19(a)(1)(A) and . . . (a)(1)(B)(i)." Pls.' Rule 54 Mot. at 1.[5]

## II. STANDARDS OF REVIEW

### A. Motion for Reconsideration

Under Federal Rule of Civil Procedure 54(b), any order or decision that does not constitute a final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although "district court[s] ha[ve] 'broad discretion to hear a motion for reconsideration brought under Rule 54(b),'" Univ. of Colo. Health at Mem'l Hosp. v. Burwell, 164 F. Supp. 3d 56, 62 (D.D.C. 2016) (quoting Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008)), district courts grant motions for reconsideration of interlocutory orders only "as justice requires," Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22–23 (1st Cir. 1985)).

In deciding whether "justice requires" revision of a prior interlocutory order, courts assess circumstances such as "whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." In Defense of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (quoting Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)); see also Davis v. Joseph J. Magnolia, Inc., 893 F. Supp. 2d 165, 168 (D.D.C. 2012) ("[A] motion for reconsideration is

---

[5] The plaintiffs state that if the Court grants their motion for reconsideration, they "will withdraw as moot" their motions for leave to amend and to sever. Pls.' Rule 54 Reply at 1.

discretionary and should not be granted unless the movant presents either newly discovered evidence or errors of law or fact that need correction."). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." United States ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (citing Husayn v. Gates, 588 F. Supp. 2d 7, 10 (D.D.C. 2008)). And, motions for reconsideration cannot be used to either reassert arguments previously raised and rejected by the court or present arguments that should have been raised previously with the court. See Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011).

B.    Motion for Leave to Amend a Complaint

Under Federal Rule of Civil Procedure 15(a), the court should "freely give leave" to a party to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the court has sole discretion to grant or deny leave to amend, "[l]eave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."). "The burden is on the defendant to show that leave to file an amended complaint should be denied." Afram v. United Food & Commercial Workers Unions & Participating Emp'rs Health & Welfare Fund, 958 F. Supp. 2d 275, 278 (D.D.C. 2013).

C.      **Motion to Sever**

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. "Once a claim has been severed, [ ] it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." Disparte v. Corp. Exec. Bd., 223 F.R.D. 7, 12 (D.D.C. 2004) (Walton, J.) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1689 (2001)). "In determining whether to join or sever claims, courts employ the permissive joinder requirements articulated in Rule 20(a), which permits claims to be joined if: 1) the claims arise from the same transaction or occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all plaintiffs arose in the action." Pinson v. U.S. Dep't of Justice, 74 F. Supp. 3d 283, 288 (D.D.C. 2014). The Supreme Court has instructed that the Federal Rules encourage courts to "entertain[] the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Likewise, a common question of law or fact "requires only that there be some common question of law or fact as to all of the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs." Disparte, 223 F.R.D. at 10. The trial court, however, has the ultimate discretion to sever claims "[e]ven if the [joinder] requirements of Rule 20(a) are met." Pinson, 74 F. Supp. 3d at 289 (citing M.K. v. Tenet, 216 F.R.D. 133, 137 (D.D.C. 2002)).

### III.    ANALYSIS

A.      **The Plaintiffs' Motion for Reconsideration**

   1.      **The Plaintiffs' Alleged Lack of Opportunity to Respond to the Rule 19 Issue**

The plaintiffs argue that they did not have an "opportunity to respond to the facts and arguments raised for the first time in [the May 15, 2017] Order [ ] when the Court held sua

7

sponte that the U.S. Attorney was a [required] party under Rule 19." Pls.' Rule 54 Reply at 3; see also Pls.' Rule 54 Mot. at 2 (stating that "the Court did not order briefing from the parties before sua sponte ordering [the] plaintiffs to join the U.S. Attorney"). However, the plaintiffs' characterization of the Court's holding as sua sponte is erroneous. The May 15, 2017 Order considered and resolved the District's motion to dismiss pursuant to Rule 12(b)(7), which requires dismissal for "failure to join a party under Rule 19." See May 15, 2017 Order at 3 (quoting Fed. R. Civ. P. 12(b)(7)). In its motion to dismiss, the District explicitly argued that the U.S. Attorney is a required party. See id. at 4–5 (summarizing the District's arguments in its supporting memorandum regarding why the U.S. Attorney is a required party). And the plaintiffs responded to those arguments, see id. at 5 (summarizing the plaintiffs' arguments in their opposition regarding why the U.S. Attorney is not a required party), a fact the plaintiffs appear to concede, see Pls.' Rule 54 Mot. at 1 (acknowledging that "the parties briefed the Rule 19 issue in this case"). Therefore, the plaintiffs' argument that the Court should reconsider its May 15, 2017 Order because the plaintiffs lacked an opportunity to respond to the Court's sua sponte holding that the U.S. Attorney is a required party lacks merit because its premise is simply false.[6]

### 2. The District of Columbia Circuit's Decision in Nanko Shipping, USA v. Alcoa, Inc.

The plaintiffs further argue that the Court should reconsider its decision that the U.S. Attorney is a required party given the Circuit's decision in Nanko Shipping, USA v. Alcoa, Inc., 850 F.3d 461 (D.C. Cir. 2017) ("Nanko"), which was issued on March 10, 2017, see id. at 461,

---

[6] The Court notes that even if the District had not raised the Rule 19 argument in its motion to dismiss, and the Court had raised the joinder issue sua sponte, such action would not have been improper, given the Court's "'independent responsibility' to seek the joinder of a required party, sua sponte if need be," Cook v. FDA, 733 F.3d 1, 11 (D.C. Cir. 2013) (quoting Weisberg v. Dep't of Justice, 631 F.2d 824, 830 & n.40 (D.C. Cir. 1980)), and thus would not necessarily constitute a valid reason for the Court to reconsider its decision.

8

after the parties had fully briefed the District's motion to dismiss, but before the Court issued its May 15, 2017 Order, see Pls.' Rule 54 Mot. at 1. The District argues that "Nanko [ ] does not undermine [its] position that the United States is a [required] party" because "the case is distinguishable." Def.'s Rule 54 Opp'n at 7. The Court agrees with the District.

Nanko involved the interpretation of an agreement originally executed by the Republic of Guinea and a Delaware corporation that established a company, Compagnie des Bauxites de Guinée ("CBG"), to develop Guinea's bauxite mines. See 850 F.3d at 463. After the agreement was executed, Nanko "assumed Guinea's rights" under the agreement, which included "the right to require that up to 50 per cent of [Guinea's] bauxite be shipped on vessels flying the Guinean flag or chartered by the Guinean Government." Id. Nanko brought a breach of contract claim (as well as a tortious interference with contractual relations claim and a racial discrimination claim under 42 U.S.C. § 1981) against two of CBG's constituent corporations, alleging that the defendant corporations "refused to deal with Nanko." Id. at 463–64. The District Court granted the defendants' motion to dismiss the complaint for failure to join Guinea, concluding, inter alia, that Guinea was a required party under Rule 19(a)(1)(B)(i) "because resolving Nanko's claims would depend on defining Guinea's rights under [the agreement], which might 'impair or impede Guinea's rights to protect its interests' under that [a]greement." See id. at 464 (citation omitted).

The Circuit reversed the District Court's dismissal, holding that Guinea was not a required party under Rule 19(a)(1)(B)(i) because "it is not obvious what interests Guinea would retain in the [agreement] if Nanko assumed Guinea's rights thereunder, as Nanko alleges." Id. at 465 (internal quotation marks omitted). The Circuit cited its prior decision in SEC v. Bilzerian, 378 F.3d 1100, 1108 (D.C. Cir. 2004), where it held that an "absent party [was] not required to be joined where it merely assigned rights to [a] party," as support for its holding that because

9

Guinea did not retain an interest in the agreement, it could not claim an interest relating to the subject of the action under Rule 19(a)(1)(B). See Nanko, 850 F.3d at 465. The Circuit noted that "due process protects Guinea from being bound by any judgment rendered in its absence," id., and that "the requirements of Rule 19(a) are not satisfied simply because a judgment against [the d]efendants in [an] action might set a persuasive precedent in any potential future action," id. (quoting Huber v. Taylor, 532 F.3d 237, 250 (3d Cir. 2008)).

The Court concludes that Nanko is distinguishable from the circumstances here because the legal issue in this case is not the interpretation of a contract, but rather the constitutionality of the Gerstein probable cause procedural process utilized in the Superior Court. Because no contract governs the parties' participation in those procedures, and therefore the U.S. Attorney has not "assigned" her interest in those procedures to the District, Nanko's holding that an assignor of contractual rights has no interest in the adjudication of that contract for Rule 19(a)(1)(B) purposes simply does not inform the Court's analysis of the facts here. See Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Babbitt, 43 F.3d 1491, 1495 (D.C. Cir. 1995) ("[Rule 19] calls for a pragmatic decision based on practical considerations in the context of particular litigation."); Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967) (noting that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"); see also 7 Wright & Miller, supra, § 1604 (3d ed. 1998, 2017 update) ("By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases . . . ."). Indeed, the only two members of this Court who have discussed Nanko in any detail have done so in the context of contract disputes. See Saddler v. AMEC Foster Wheeler Env't & Infrastructure, Inc., 253 F. Supp. 3d 210, 218 (D.D.C. 2017) ("[T]he D.C. Circuit

recently rejected the same argument that AMEC presses, holding that Rule 19 does not require joinder merely because a case calls for interpretation of an agreement to which a non-party is a signatory." (citing Nanko, 850 F.3d at 464–65)); Eco Tour Adventures, Inc. v. Zinke, 249 F. Supp. 3d 360, 389, 391 (D.D.C. 2017) (in a case in which the plaintiff sought rescission of certain contracts, the District Court noted that the Circuit found in Nanko "that [an] assignor of contractual rights was not a [required] party under Rule 19").

The plaintiffs here make much of the Circuit's two statements regarding due process rights and persuasive precedent. See Pls.' Rule 54 Mot. at 1–2 & n.3, 13, 15–16 (citing Nanko, 850 F.3d at 464–65). But the Circuit's statement regarding due process does not constitute new law, see Martin v. Wilks, 490 U.S. 755, 761 (1989) ("[I]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940))), superseded by statute on other grounds as recognized by Landgraf v. USI Film Prods., 511 U.S. 244, 251 (1994), and the Court already recognized this principle in its May 15, 2017 Order, see May 15, 2017 Order at 7 (noting that "any relief it may grant . . . could not bind the U.S. Attorney if [s]he is not a party in this case"). Moreover, a respected treatise has noted that "[a]lthough a Court technically may not bind absent persons or those who are not in privity with the actual parties, the nonparty's claim or defense may be impaired as a practical matter." 7 Wright & Miller, supra, § 1602 (emphasis added) (footnote omitted).

Regarding the Circuit's statement in Nanko that "the requirements of Rule 19(a) are not satisfied simply because a judgment against [the d]efendants in [an] action might set a persuasive precedent in any potential future action," 850 F.3d at 465 (emphasis added) (quoting Huber, 532

F.3d at 250), the Court construes this statement to mean that persuasive precedent in a future case cannot alone establish a non-party's interest under Rule 19(a)(1)(B). But the Court's determination that the U.S. Attorney has an interest and her ability to protect that interest that may be impaired or impeded if she is not joined in this litigation was never premised on the possibility of persuasive precedent in a potential future case. Rather, the Court concluded (1) that the U.S. Attorney has an interest in this case "because of h[er] office's role in processing arrestees before their initial appearances before the Superior Court," May 15, 2017 Order at 6, and (2) that her ability to protect that interest would, as a practical matter, potentially be impaired or impeded because, if the Court rules that the Gerstein probable cause procedures employed in Superior Court are unconstitutional, that ruling would "necessarily impact the operations of the U.S. Attorney's office because it w[ould] impact the papering, i.e., processing, of arrestees charged with offenses prosecuted by that office," see id. at 7.[7] Because the U.S. Attorney "prosecutes nearly all local crimes committed by adults within the [District]," see United States Attorney[']s Office for the District of Columbia 33 (2015), https://www.justice.gov/usao-dc/page/file/978906/download ("U.S. Attorney 2013–2015 Report"), it is inconceivable to think that a determination that the Superior Court Gerstein probable cause procedures are unconstitutional would not, as a practical matter, impair or impede the U.S. Attorney's ability to protect her interest in regards to those procedures. For all of these reasons, the Court must deny

---

[7] The plaintiffs argue that the Court failed to "say how the U.S. Attorney's absence would impair or impede [her] interest." Pls.' Rule 54 Mot. at 2; see also Pls.' Rule 54 Reply at 10 ("The [May 15, 2017 Order] states that the U.S. Attorney's interest in papering cases will be 'impacted' by a ruling in the case but it does not say why, nor does it say that the interest will be impacted negatively, that is, 'impaired or impeded.'"). The Court disagrees, but for the sake of clarity, clarifies that the U.S. Attorney, the primary criminal prosecutor in Superior Court, would be unable to defend the constitutionality of the Gerstein probable cause procedures employed in Superior Court if she remains a non-party, and thus her absence from the case would impair or impede her ability to protect her interest in maintaining the current procedures.

12

the plaintiffs' motion to reconsider its holding that the U.S. Attorney is a required party to this case under Rule 19(a)(1)(B)(i).[8]

**B.     The Plaintiffs' Motion for Leave to Amend their Complaint**

The plaintiffs seek to file a third amended complaint to avoid joining the U.S. Attorney, as the Court ordered them to do in its May 15, 2017 Order. See Pls.' Rule 15 Mot. 1, 3. The plaintiffs' proposed third amended complaint (1) omits their Gerstein claim, see Pls.' Rule 15 Mot., Exhibit ("Ex.") 2 (Third Amended Complaint and Jury Demand (redlined version) ("Proposed 3d Am. Compl.") at 17–18; (2) revises the putative class definitions for their Riverside and strip search claims to exclude "individuals arrested for crimes prosecuted by the U.S. Attorney," see id., Ex. 2 (Proposed 3d Am. Compl.) ¶¶ 104–05; and (3) emphasizes that the District of Columbia's Department of Corrections, not any prosecuting authority, controls the strip search policies of the jails where the plaintiffs allege arrestees are held without probable cause, see id., Ex. 2 (Proposed 3d Am. Compl.) ¶ 16; see also Pls.' Rule 15 Mot. at 3. Therefore, if the Court permits the plaintiffs to file their proposed third amended complaint, the plaintiffs' two remaining claims would be their Riverside and strip search claims, and the proposed classes would only include people prosecuted by the District's Office of the Attorney General ("OAG"),

---

[8] The plaintiffs also ask the Court to reconsider its conclusion that the U.S. Attorney is a required party under Rule 19(a)(1)(A) because it could not accord complete relief among existing parties without the inclusion of the U.S. Attorney. See Pls.' Rule 54 Mot. at 19. But the plaintiffs' arguments on this point are not based on Nanko, see id. at 18–20, and thus could have been, but were not, presented to the Court prior to Court's ruling, see Plaintiffs' Opposition to Defendant's Motion to Dismiss the Second Amended Complaint at 30 (stating only that "[t]his Court can grant complete relief without the U[.]S[.] Attorney"); see also Loumiet v. United States, 65 F. Supp. 3d 19, 24 (D.D.C. 2014) ("In this Circuit, it is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" (quoting Gaither, 771 F. Supp. 2d at 10 n.4)). Because the plaintiffs failed to timely raise these arguments, and the Court has already reaffirmed its decision that the U.S. Attorney is a required party to this case under Rule 19(a)(1)(B)(i), justice does not require the Court to reconsider its decision that the U.S. Attorney is a required party under Rule 19(a)(1)(A).

13

not the U.S. Attorney. See Pls.' Rule 15 Mot., Ex. 2 (Proposed 3d Am. Compl.) ¶¶ 96–98, 100–02.

The District argues in response that the Court should deny the plaintiffs' motion for leave to further amend their complaint on the grounds of futility, namely because the plaintiffs' proposed third amended complaint does not join the U.S. Attorney as a party, even though, according to the District, the "proposed [third] amend[ed complaint] continues to challenge the probable cause procedures in the Superior Court," and the Court has already concluded that the U.S. Attorney has an interest in those procedures. See Def.'s Rule 15 Opp'n at 6. Therefore, according to the District, "[t]he Court's resolution of [the] plaintiffs' proposed third amended complaint without the [U.S. Attorney] as a party still would impair or impede the interest of the [U.S. Attorney] relating to the alleged policies and procedures governing probable cause hearings conducted in [ ] Superior Court." Id. at 1. The Court agrees with the District.

As stated above, the Court has already concluded that the U.S. Attorney is a required party to this case under Rule 19(a)(1)(B)(i) because "the U.S. Attorney, as one of the two prosecuting authorities in the District, 'claims an interest relating to' the policies and procedures governing probable cause hearings in Superior Court, and that disposing of the suit without the U.S. Attorney could 'impair or impede [her] ability to protect th[at] interest,'" May 15, 2017 Order at 7 (quoting Fed. R. Civ. P. 19(a)(1)(B)(i)). Because the plaintiffs continue to challenge the Gerstein probable cause procedures used in Superior Court in their Riverside claim by alleging that "[t]he District of Columbia violated the Fourth Amendment rights of [plaintiff] Lewis and the members of the Riverside Class by holding them [for] more than [forty-eight] hours after their arrest without a finding of probable cause by a judicial officer," Pls.' Rule 15 Mot., Ex. 2 (Proposed 3d Am. Compl.) ¶ 96, the Court is convinced that the U.S. Attorney

14

remains a required party to this claim under Rule 19(a)(1)(B)(i).[9] And, even though the plaintiffs' putative class would be restricted to those prosecuted by the OAG, see id., Ex. 2 (Proposed 3d Am. Compl.) ¶ 104, as the District notes, initial discovery in this case has revealed "that the [U.S. Attorney] requested the vast majority of Gerstein perfection holds in the Superior Court during the relevant period," Def.'s Rule 15 Opp'n at 6. Although the plaintiffs respond that they "have not yet deposed anyone about the data produced by the District[,] so [they] cannot say what the data means," they do concede that "presumably the [U.S. Attorney] does sometimes ask for Gerstein Perfection holds in cases where the Riverside [forty-eight-]hour period will end before the Gerstein Perfection hearing." Pls.' Rule 15 Reply at 5; see also id. at 7 (noting that the plaintiffs' "assumption" is that the U.S. Attorney "sometimes" "asks for Gerstein Perfection holds that result in arrestees being held for more than [forty-eight] hours"). Therefore, the Court remains convinced that the U.S. Attorney, as the primary criminal prosecuting authority in the District, see U.S. Attorney 2013–2015 Report, supra, at 33, has a practical interest in the constitutionality of the practices challenged by the plaintiffs, and her ability to protect that interest could be impaired or impeded if she is not joined as a party, even though the plaintiffs do not seek any relief in regards to cases prosecuted by the U.S. Attorney, see Detroit Int'l Bridge Co. v. Gov't of Canada, 192 F. Supp. 3d 54, 68 (D.D.C. 2016) ("This fact alone, [that the plaintiff does not seek any relief from the absent party,] is not relevant to the question of whether proceeding in th[at party's] absence would impair or impede [its] ability to protect its interest . . . ."), aff'd, 875 F.3d 1132 (D.C. Cir. 2017).[10]

---

[9] Because the Court holds that the U.S. Attorney remains a required party under Rule 19(a)(1)(B)(i), it need not determine whether she also remains a required party under Rule 19(a)(1)(A).

[10] The plaintiffs argue that Detroit International Bridge is distinguishable because that case involved whether an agreement between Canada, the defendant, and the State of Michigan, the absent party, violated Michigan law, see 192 F. Supp. 3d at 61, 68, and here, "there is no compact to which both the District and the U[.]S[.] Attorney are

(continued . . . )

The plaintiffs further argue that the U.S. Attorney is not a required party because, in light of the revisions in the proposed third amended complaint, the District adequately represents any interest she may have in this case. See Pls.' Rule 15 Reply at 8–9 (citing Ramah v. Navajo Sch. Bd. v. Babbitt, 87 F.3d 1338, 1351 (D.C. Cir. 1996)). The Court disagrees. The plaintiffs' statement that there is no conflict between the U.S. Attorney's and the District's positions regarding the Gerstein probable cause procedures in Superior Court because "the District would have the Court construe the law in essentially the same fashion as the U.S. Attorney," id. at 9, is entirely speculative, as they are not in a position to know if that will be the case, nor can the Court surmise what the U.S. Attorney's position will be on these procedures. The U.S. Attorney and the OAG, as separate prosecuting authorities in the District that process different types of crimes, see D.C. Code § 23-101(a)–(c) (2012), set their own policies and enforcement priorities and are entitled to assert distinct legal arguments regarding each authority's constitutional obligations under the Fourth Amendment. The fact that the Court does not know whether the U.S. Attorney and the OAG have conflicting positions on the constitutional questions in this case further underscores the need for the U.S. Attorney to be joined so that she can assert her position on these issues.[11] Therefore, because the basis for seeking to file the proposed third amended complaint is to exclude the U.S. Attorney as a required party and because the Court concludes

---

( . . . continued)
parties which governs the practice of Gerstein Perfection holds," Pls.' Rule 15 Reply at 7. As an initial matter, the Court finds it curious that the plaintiffs seek to distinguish Detroit International Bridge on the grounds that it is a contract case, while simultaneously arguing that Nanko, also a contract case, squarely dictates the outcome of the Court's Rule 19 analysis. In any event, even though Detroit International Bridge is a contract case and therefore cannot dictate the outcome of the Court's analysis of the "impair or impede" prong of Rule 19(a)(1)(B)(i), it is still instructive in demonstrating the irrelevance of whether a plaintiff seeks relief from the absent party.

[11] The Court rejects the plaintiffs' argument that this case is similar to Utz v. Cullinane, 520 F.2d 467 (D.C. Cir. 1975), see Pls.' Rule 15 Reply at 8, because in that case, in determining that the FBI was not a required party, the Circuit relied on the fact that the U.S. Attorney stated that "the United States had no interest which it seeks to protect" in the case, see Utz, 520 F.2d at 472 n.9 (internal quotation marks omitted). Here, by contrast, the U.S. Attorney has made no such statement denying that she has an interest.

that the U.S. Attorney would remain a required party in this case under Rule 19(a)(1)(B)(i) even if the Court granted the plaintiffs leave to file their proposed third amended complaint, the Court concludes that it must deny the motion for leave to further amend the complaint because the proposed third amended complaint's attempt to exclude the U.S. Attorney as a required party is futile.[12]

## C.     The Plaintiffs' Motion to Sever

The plaintiffs next argue that the Court should, upon granting them leave to further amend their complaint, sever the remaining Riverside and strip search claims and allow them to proceed as separate cases because, should the Court find that the U.S. Attorney remains a required party to plaintiff Lewis's Riverside claim, "then joining the U.S. Attorney for that claim will unnecessarily delay or may even ultimately derail both [ ] plaintiffs' [strip search claims]." See Pls.' Rule 21 Reply at 1. However, because the Court declines to allow the plaintiffs to file their proposed third amended complaint, the plaintiffs' motion to sever is premature for two reasons.

First, there are no operative claims to be severed at this stage of the case because the plaintiffs have yet to file an amended complaint joining the U.S. Attorney as instructed by the

---

[12] The plaintiffs also argue that the U.S. Attorney and the District are analogous to joint tortfeasors, and "[t]he Supreme Court has held that joint tortfeasors are not [required] parties under [Rule] 19(a)(1)(A)." Pls.' Rule 15 Reply at 7. But see id. (noting that, "in reality[,] they are not tortfeasors because the U[.]S[.] Attorney is not liable for the District's conduct and [the] plaintiffs do not sue on behalf of anyone prosecuted by the U[.]S[.] Attorney"). The Court concludes that this argument also lacks merit. The reason that joint tortfeasors are not required parties is because joint tortfeasors are jointly and severally liable, and therefore, a defendant can seek contribution or indemnity from the absent joint tortfeasor. See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 208 (D.C. Cir. 1981) ("Since joint tortfeasors are jointly and severally liable, [a party] may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit . . . are not indispensable parties."); see also Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75, 100 (D.D.C. 2014) ("It is a firmly established rule that joint tortfeasors are not necessary parties under Rule 19(a)." (first citing Temple v. Synthes Corp., 498 U.S. 5, 7–8, (1990); then citing Park v. Didden, 695 F.2d 626, 631 (D.C. Cir. 1982))). Here, the plaintiffs do not provide any authority for the position that the District could seek contribution or indemnity from the U.S. government for any money damages the plaintiffs might potentially be awarded. Therefore, the Court concludes that, based on the circumstances in this case, the District and the U.S. Attorney are not analogous to joint tortfeasors.

17

Court.  See May 15, 2017 Order at 8 (directing the plaintiffs to file a third amended complaint joining the U.S. Attorney as a party).  Second, the primary reason behind the plaintiffs' request to sever is to allow their strip search claim to proceed in the event that their Riverside claim is dismissed because the Court finds that the U.S. Attorney cannot be joined and that claim cannot in equity and good conscience proceed without her.  See Pls.' Rule 21 Mot. at 8 ("If the Court ultimately finds that the [U.S. Attorney] is an indispensable party for [the Riverside claim,] then for all intents and purposes [that claim] is likely over."); see also Pls.' Rule 21 Reply at 1 ("The basis for severance is that if this Court finds that the U.S. Attorney is a [required] party under Rule 19 to [plaintiff] Lewis'[s Riverside claim,] then joining the U.S. Attorney for that claim will unnecessarily delay or may even ultimately derail both plaintiffs' [strip search claims].").  But the plaintiffs are conflating the three distinct steps of the Rule 19 analysis.  See Nanko, 850 F.3d at 464 (summarizing "the Rule 19 inquiry as posing three questions: Should the absentee be joined, i.e., is [she] necessary to the litigation?  If so, can the absentee be joined?  And finally, if the absentee should but cannot be joined, may the lawsuit nonetheless proceed 'in equity and good conscience'?" (quoting W. Md. Ry. Co. v. Harbor Ins. Co., 910 F.2d 960, 961 (D.C. Cir. 1990))).  Although the Court has concluded that the U.S. Attorney is a required party under the first step, it has never ruled on, nor have the parties briefed, the second and third steps of the Rule 19 analysis, see id., either in the prior motion to dismiss briefing, see May 15, 2017 Order at 7 (noting that "the District has made no argument that the U.S. Attorney's absence cannot be cured"), or in the briefing regarding the plaintiffs' motions currently pending resolution.  Therefore, not only is the plaintiffs' motion to sever premature, but it may ultimately be unnecessary if the Court concludes that the U.S. Attorney can be joined or, if not, that the Riverside claim should nonetheless proceed in her absence.  Therefore, given the current

procedural posture of this case, as well as the fact that the Rules encourage courts to "join[] [ ] claims, parties and remedies" in order to "entertain[] the broadest possible scope of action consistent with fairness to the parties," see United Mine Workers, 383 U.S. at 724, the Court will deny without prejudice the plaintiffs' motion to sever at this time, see, e.g., Montgomery v. STG Int'l, Inc., 532 F. Supp. 2d 29, 36 (D.D.C. 2008) (concluding that severance was premature because the parties had not yet engaged in discovery, which could reveal whether the claims involved common legal or factual issues).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the plaintiffs' motions for reconsideration and for leave to amend their complaint, and deny without prejudice their motion to sever. The Court reiterates its prior determination that the United States Attorney for the District of Columbia is a required party under Rule 19(a)(1)(B)(i), and therefore, in order to proceed with their claims, the plaintiffs must file a third amended complaint joining her as a defendant.

**SO ORDERED** this 7th day of March, 2018. [13]

REGGIE B. WALTON<br>
United States District Judge

---

[13] The Court has contemporaneously issued an Order consistent with this Memorandum Opinion.