# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAYLA DIONNE LEWIS**<br><br>Plaintiff<br><br>   v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**<br><br>Defendant | Civil Action No: 15-352 (RBW) |

## PLAINTIFFS' MOTION TO SET SCHEDULE

Plaintiffs hereby respectfully move this Court to enter an order setting a schedule for the U.S. Attorney to state a position on the Rule 19 issues the Court has identified in its Orders.

**Consent Sought But Not Obtained.**

Plaintiffs' counsel have had numerous teleconferences with counsel for the U.S. Attorney and Plaintiffs' counsel have corresponded with counsel for the District about moving the case forward in the context of the Rule 19 issues the Court has identified in its Orders. Originally, Plaintiffs' counsel and counsel for the U.S. Attorney discussed filing a joint motion for this purpose.

Although counsel for the U.S. Attorney and Plaintiffs' counsel were not able to resolve enough of the outstanding issues to file a joint motion, Plaintiffs' counsel believe that they have narrowed and clarified several issues. Nonetheless, Plaintiffs' counsel have found both opposing counsel to be extremely professional and capable and Plaintiffs' counsel expect the parties to continue moving the case forward in the context of the Rule 19 issues the Court has identified in its Orders.

**Background.**

This Court ordered Plaintiffs to file an amended complaint adding the U.S. Attorney pursuant to Rule 19.

Plaintiffs did file a complaint naming the U.S. Attorney in her official capacity only to avoid a suit against the U.S. Attorney in her individual capacity, and to set the stage for injunctive or declaratory relief as to the U.S. Attorney even though Plaintiffs had not sought such relief in her original complaints.

A suit against a federal agent in their official capacity allows for injunctive and declaratory relief. *Id.* Plaintiffs also promptly served the U.S. Attorney. Hatfill v. Ashcroft, 404 F. Supp. 2d 104, 121 (D.D.C. 2005) (declaratory judgment may be granted against official capacity federal defendant whether or not further relief could be sought); Willis v. Barkman, 2017 U.S. Dist. LEXIS 13875, at *26 (W.D. Pa. Jan. 31, 2017) (proper vehicle for seeking equitable relief against a government official involving that officer's official duties is an official capacity suit) *citing* Hatfill v. Gonzales, 519 F. Supp. 2d 13, 26 (D.D.C. 2007).

Plaintiffs' analysis is that this Court's ordered Plaintiffs to add the U.S. Attorney pursuant to Rule 19 to ascertain the U.S. Attorney's position on the Rule 19 interests the Court identified in its orders.

But, Plaintiffs' understanding of the U.S. Attorney's position is that the U.S. Attorney will not state a position because it has not been ordered to and it will not do so unless ordered to do and the Department of Justice so allows.

Moreover, the U.S. Attorney has, Plaintiffs understand, made changes to its policy to her policies regarding Gerstein holds.

**Outstanding issues.**

The US Attorney (as Plaintiffs understand it) is taking the position that although the Court ordered plaintiffs to add the US Attorney at least in part to get her position on the over-

detention claims, if she has an interest, the Judge did not ask/ order the US Attorney to state her position, and she will not do so till asked/ ordered to do so, and the Department of Justice consents.

To close this endless loop Plaintiffs have suggested to the U.S. Attorney that the parties file a motion asking the Court to order or to ask the U.S. Attorney to state its position on the Rule 19 interests the Court identified in its orders by a date certain. Counsel for the U.S. Attorney state the U.S. Attorney prefers the Court issue a request as opposed to an order asking for her position and Plaintiffs do not oppose a request as opposed to an order.

The following issues remain. Rather than opposing defendants' positions Plaintiffs submit alternative proposals.

**Hearing.**

To the extent that defendants want a hearing to discuss these issues Plaintiffs do not oppose but Plaintiffs suggest a written order with a schedule and a subsequent hearing would be a more efficient way to proceed.

**Plaintiffs request the Court to ask or order the U.S. Attorney to state a position by a date certain.**

To keep the case moving, Plaintiffs request the Court to ask or to order the U.S. Attorney to state a position on the Rule 19 interests the Court identified in its orders by a date certain.

**What happens if the U.S. Attorney does not state her position on the Rule 19 interests the Court identified in its orders.**

To keep the case moving, if the U.S. Attorney ultimately decides not state a position on the Rule 19 interests the Court identified in its orders by a Court imposed deadline, then Plaintiffs move this Court to allow Plaintiffs to move to dismiss the U.S. Attorney pursuant to Rule 19(b) or Rule 41.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ William Claiborne <br> WILLIAM CLAIBORNE <br> D.C. Bar # 446579 <br> Counsel for plaintiffs <br><br> ClaiborneLaw <br> 717 D Street, N.W <br> Suite 300 <br> Washington, DC 20004-2815 <br> Phone 202/824-0700 <br> Email clairbornelaw@gmail.com | /s/ Michael Bruckheim <br> Michael Bruckheim <br> D.C. Bar # 455192 <br> Counsel for plaintiffs <br><br> **Bruckheim & Patel, LLC** <br> One Church Street <br> Suite 910 <br> Rockville, MD 20850 <br> (ph) 240-753-8222 <br> (fax) 240-556-0300 <br> (e-mail) michael@brucklaw.com; <br> mpbruckesq@aol.com <br> www.brucklaw.com |