UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAYLA DIONNE LEWIS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 15-352 (RBW) |

### DEFENDANT THE DISTRICT OF COLUMBIA'S RESPONSE TO FEDERAL DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

#### INTRODUCTION

Defendant District of Columbia (District) does not oppose defendant the United States Attorney for the District of Columbia's (the United States) position that sovereign immunity bars plaintiffs' claims, as asserted, for declaratory relief against the United States. *See* Fed. Ded.'s Supp. Mem. in Support of Mot. to Dismiss [73]. But this Court has already properly determined that the United States is a necessary party, and that plaintiffs' Third Amended Complaint requires that the United States remain a defendant in this action. However, a finding that the United States is immune from suit, would require the Court to determine, under Fed. R. Civ. P. 19(b), whether plaintiffs' Claims 1 and 2 (the Illegal Hold and *Riverside* claims) may proceed or should be dismissed in the United States' absence.

#### ARGUMENT

In this lawsuit, plaintiffs maintain that: (1) their *Gerstein* perfection holds violate the Fourth Amendment under *Gerstein v. Pugh*, 420 U.S. 103 (1975) (Claim 1) and *County of*

*Riverside v. McLaughlin*, 500 U.S. 44 (1991) (Claim 2); and (2) that they were stripped searched in violation of the Fourth and Fifth Amendment (Claim 3). Third Am. Compl. (TAC) ¶¶ 102-114. Plaintiffs have also asserted class allegations on behalf of similarly situated individuals that may include individuals arrested for crimes prosecuted by the United States pursuant to D.C. Code § 23-101(c). *See id.* ¶¶ 116-117.

In its May 15, 2017 Order [36], the Court ordered plaintiffs to file a Third Amended Complaint including the United States as a necessary party under Fed. R. Civ. P. 19(a)(2). The Court explained that the United States is a necessary party because: (1) "it could not 'accord complete relief among existing parties' without the inclusion of the U.S. Attorney because any relief it may grant on behalf of the plaintiffs, assuming the Court finds that their claims have merit, could not bind the U.S. attorney if [s]he is not a party in this case"; and (2) the United States "'claims an interest relating to' the policies and procedures governing probable cause hearings in Superior Court, and that disposing of the suit without the U.S. Attorney could 'impair or impede [her] ability to protect th[at] interest.'" May 15, 2017 Order at 7. On March 7, 2018, the Court denied plaintiffs' motion to reconsider its holding that the United States is a necessary party under Fed. R. Civ. P. 19. Mar. 7, 2018 Mem. Op. at 13 [55].

Plaintiffs' Third Amended Complaint [56] does not require a different result. The crux of plaintiffs' claims is that "[t]he District, through its Superior Court judicial officers and its prosecutors, and its [Department of Corrections," has …. [a] policy and practice of [: (1)] detaining arrestees at initial appearances even when the judicial officer does not make an affirmative finding of probable cause during the initial appearances," TAC ¶ 34, to afford prosecutors the opportunity to perfect the *Gerstein* affidavit in violation of *Gerstein v. Pugh*, 420 U.S. 103 (1975), *see* TAC ¶¶ 35-43; and (2) holding arrestees for over forty-eight hours after arrest without a judicial finding of

probable cause, in violation of *City of Riverside v. McLaughlin*, 500 U.S. 44 (1991), *see* TAC ¶ 117. And the class definitions still may include individuals arrested for crimes prosecuted by the United States under D.C. Code § 23-101(c). *See id*. ¶¶ 116-117.

In the United States' supplemental brief in support of its motion to dismiss [73], the United States contends that sovereign immunity bars plaintiffs' claim for declaratory relief against the United States. Although the District does not oppose that position, it maintains that the United States is a necessary party to this action and that, in the United States' absence, the Court cannot accord complete relief or render a decision without impairing or impeding the United States' interest. Thus, and given the Court's prior rulings, if the Court determines that the United States is subject to immunity in this action, the Court should consider whether, under Fed. R. Civ. P. 19(b), plaintiffs' Claims 1 and 2 should be dismissed for reasons beyond those articulated in the District's pending motion to dismiss [59].

## CONCLUSION

For the foregoing reasons, the Court should dismiss Claims 1 and 2 in the United States' absence.

Dated:  November 5, 2018.          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS [Bar No. 974858]
Chief, Equity Section

/s/ Michael A. Tilghman II
MICHAEL A. TILGHMAN II [Bar No. 988441]
Assistant Attorney General

441 Fourth Street, N.W., Suite 630S
Washington, D.C. 20001
(202) 727-6247
(202) 741-8776 (fax)
michael.tilghman@dc.gov

*Counsel for the District of Columbia*