# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

KAYLA DIONNE LEWIS, et al.,

          Plaintiffs,

      v.

GOVERNMENT OF THE
DISTRICT OF COLUMBIA, et al.,

          Defendants.

_____

Civil Action No. 15-352 (RBW)

## ORDER

Kayla Dionne Lewis and Felton Hill, the named plaintiffs in this civil suit, brought this putative class action against the defendant, the District of Columbia (the "District"), pursuant to 42 U.S.C. § 1983 (2012), alleging constitutional violations arising from their arrests and subsequent detentions by the District in 2014.  See generally Amended Complaint [].  Although the plaintiffs asserted that only the District is liable for their three claims, see id. at 21–23, the Court determined that the United States Attorney for the District of Columbia (the "United States Attorney") was a required party to this litigation under Federal Rule of Civil Procedure 19(a)(1) and directed the plaintiffs to "file a third amended complaint including the United States Attorney . . . as a defendant," see Order at 8 (May 15, 2017), ECF No. 36,[1] which they ultimately

---

[1] Instead of including the United States Attorney as a party as directed by the Court, the plaintiffs filed their motion for leave to file a third amended complaint that omitted their Gerstein claim and amended the allegations and proposed class definitions in order "to obviate the need to join the [United States] Attorney."  Plaintiffs' Motion for Leave to Amend the Second Amended Complaint and to File Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15 (June 5, 2017), ECF No. 40.  Once the plaintiffs' motion for leave to file their third amended complaint was fully briefed, the plaintiffs filed their motion to sever their strip search claim,

> propos[ing] that the Court grant [their] [m]otion [ ] for leave to amend . . . , grant the[ir] motion to sever, and then, if the Court conclude[d] that the [United States Attorney] is a [required] party, order [plaintiff] Lewis to file a Fourth Amended Complaint naming the [United States Attorney] as a party to [the Riverside claim] but not the severed [strip search claim].

(continued . . .)

did in their Third Amended Complaint and Jury Demand (Mar. 12, 2018), ECF No. 56.  On

March 26, 2018, the District filed its Motion to Dismiss the Third Amended Complaint, ECF No.

59, and on July 27, 2018, the United States Attorney filed her Motion to Dismiss, ECF No. 66.

The Court vacated all deadlines regarding the filing of the oppositions and replies to the two

pending motions to dismiss, see Minute Order (Aug. 2, 2018), pending the October 3, 2018

status conference.  In light of the plaintiffs' assertion at the October 3, 2018 status conference

that sovereign immunity does not bar their claims for declaratory relief against the United States

Attorney, the Court ordered briefing on this issue.  See Order (Oct. 9, 2018), ECF No. 72.  Upon

consideration of the parties' briefing, it is hereby

      **ORDERED** that the status conference currently scheduled for November 8, 2018, at 9:00

a.m. is **VACATED**.  It is further

      **ORDERED** that the plaintiffs shall file their opposition to the United States Attorney's

Motion to Dismiss, ECF No. 66, on or before November 23, 2018.  It is further

      **ORDERED** that the United States Attorney shall file her reply in support of her motion

on or before December 7, 2018.  It is further

      **ORDERED** that, on or before December 14, 2018, the United States Attorney shall file a

statement of interest pursuant to 28 U.S.C. § 517 and a statement as to whether the lawsuit may

proceed in her absence. It is further

      **ORDERED** that, on or before December 28, 2018, the District shall file its statement

regarding whether the lawsuit may proceed in the United States Attorney's absence. It is further

---

(continued . . .)

Plaintiffs' Motion to Sever Claims Two and Three into Two Separate Actions pursuant to Federal Rule of
Civil Procedure 21 (July 6, 2017), ECF No. 42.  Thereafter, the plaintiffs filed their motion for
reconsideration, requesting that the Court reconsider its ruling in the May 15, 2017 Order "that the [United States]
Attorney is a [required] party to the case pursuant to Fed. R. Civ. P. 19(a)(1)(A) and . . . (a)(1)(B)(i)."  Plaintiffs'
Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54 (Jan. 19, 2018), ECF No. 50.  On March
7. 2018, the Court denied all of the plaintiffs' motions.

**ORDERED** that, on or before January 11, 2019, the plaintiffs shall file their response regarding whether the lawsuit may proceed in the United States Attorney's absence. It is further

**ORDERED** that the parties shall appear for a status conference on March 29, 2019, at 9:00 a.m.

**SO ORDERED** this 7th day of November, 2018.


                                        REGGIE B. WALTON
                                        United States District Judge