UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAYLA DIONNE LEWIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-352 (RBW) |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Kayla Dionne Lewis and Felton Hill, the named plaintiffs, bring this putative class action against the District of Columbia (the "District") and the United States Attorney for the District of Columbia (the "United States Attorney"), pursuant to 42 U.S.C. § 1983 (2018), alleging constitutional violations arising from their arrests and subsequent detentions. See generally Third Amended Complaint [a]nd Jury Demand ("3d Am. Compl."). Currently pending before the Court is the United States Attorney's Motion to Dismiss ("Fed. Def.'s Mot."), and the Plaintiffs' Motion to Set Schedule ("Pls.' Scheduling Mot.").[1] Upon careful consideration of the parties' submissions,[2] the Court concludes that it must grant the United States Attorney's motion to dismiss and deny the plaintiffs' motion to set schedule as moot.

---

[1] On March 26, 2018, the District also filed its motion to dismiss, see Defendant the District of Columbia's Motion to Dismiss the Third Amended Complaint at 1. The Court thereafter vacated "the deadline for the plaintiffs to file their opposition" to the District's motion to dismiss pending the United States Attorney's response to the Third Amended Complaint. Min. Order (Apr. 2, 2018). Because this Order resolves the United States Attorney's motion to dismiss, the Court will now set a briefing schedule for the District's motion to dismiss.

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the United States Attorney's Memorandum in Support of Motion to Dismiss ("Fed. Def.'s Mem."); (2) the Federal Defendant's Supplemental Memorandum in Support of Motion to Dismiss ("Fed. Def.'s Supp. Mem."); (3) Defendant the District of Columbia's Response to Federal Defendant's Supplemental Memorandum in Support

(continued . . .)

I.      BACKGROUND

The Court discussed the factual background of this case in its Memorandum Opinion issued on June 27, 2016, see Lewis v. District of Columbia, 195 F. Supp. 3d 53, 56–57 (D.D.C. 2016) (Walton, J.), and in its Order issued on May 15, 2017, see Order at 2–3 (May 15, 2017), ECF No. 36, and will not reiterate those facts again here.

The plaintiffs originally filed this civil action against only the District.  See Class Action Complaint for Judgment and Money Damages and Injunctive Relief and Equitable Relief and Declaratory Relief and Jury Demand ¶ 1; see also Amended Complaint for Judgment and Money Damages and Injunctive Relief and Equitable Relief and Declaratory Relief and Jury Demand ¶ 1; Second Amended Complaint [a]nd Jury Demand ¶ 1.  On May 15, 2017, the Court concluded "it could not 'accord complete relief among existing parties' without the inclusion of the [United States] Attorney because any relief it may grant on behalf of the plaintiffs. . . could not bind the [United States] Attorney if [s]he is not a party in this case," Order at 7 (May 15, 2017), ECF No. 36 (quoting Fed. R. Civ. P. 19(a)(1)(a)), and that "the [United States] Attorney, as one of the two prosecuting authorities in the District, 'claims an interest relating to' the policies and procedures governing probable cause hearings in Superior Court, and that disposing of the suit without the [United States] Attorney could 'impair or impede [her] ability to protect th[at] interest,'" id. (quoting Fed. R. Civ. P. 19(a)(1)(B)(i)).  Consequently, the Court concluded that "the [United States] [wa]s a required party under Rule 19(a)(1)," id., and ordered the

---

(. . . continued)
of Motion to Dismiss ("Def.'s Resp."); (4) the Plaintiffs' Response to U.S. Attorney's Supplemental Memorandum re Order [72] ("Pls.' Resp."); (5) the Plaintiffs' Opposition to the U.S. Attorney for the District of Columbia's Motion to Dismiss the Third Amended Complaint ("Pls.' Opp'n"); (6) the Federal Defendant's Reply in Support of Her Motion ("Fed. Def.'s Reply"); (7) the United States Attorney's Response to Court Order ("Fed. Def.'s Resp."); (8) Defendant the District of Columbia's Statement Regarding Whether This Lawsuit May Proceed in the United States Attorney's Absence ("Def.'s Statement"); and (9) Notice[:] Plaintiffs' [R]esponse [R]egarding [W]hether the [L]awsuit [M]ay [P]roceed in the United States Attorney's [A]bsence ("Pls.' Notice").

plaintiffs to "file a third amended complaint including the [United States] Attorney as a defendant," id. at 8.  The plaintiffs complied with the Court's Order and filed their Third Amended Complaint, naming the "United States Attorney [ ] as a defendant in her official capacity only."  3d Am. Compl. ¶ 16.

On July 27, 2018, the United States Attorney filed her motion to dismiss, see Fed. Def.'s Mot. at 1, arguing that the "[p]laintiffs cannot establish that this Court has subject[-]matter jurisdiction nor state a claim against the [United States Attorney] under 42 U.S.C. §[ ]1983 based on the allegations in their [Third Amended] Complaint," Fed. Def.'s Mem. at 7.  On September 13, 2018, the plaintiffs requested that "this Court [] enter an order setting a schedule for the [United States] Attorney to state a position on the Rule 19 issues the Court has identified in its Orders."  Pls.' Scheduling Mot. at 1.  Thereafter, the Court ordered that "the United States Attorney [ ] file a statement of interest pursuant to 28 U.S.C. § 517 and a statement as to whether the lawsuit may proceed in her absence," Order at 2 (Nov. 7, 2018), ECF No. 76, and that the District and the plaintiffs also file statements regarding "whether the lawsuit may proceed in the United States Attorney's absence," id. at 2–3. The parties timely filed their respective statements. See generally Fed. Def.'s Resp.; Def.'s Statement; Pls.' Notice.  On November 23, 2018, the plaintiffs filed their opposition to the United States Attorney's motion to dismiss, see Pls.' Opp'n at 1, and the United States Attorney filed her reply in support of her motion to dismiss, see Fed. Def.'s Reply at 1.  The United States Attorney's motion to dismiss is the subject of this Order.

## II.     DISCUSSION

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a

3

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  While the Court must "assume the[] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555).  Also, the Court need not accept "legal conclusions cast as factual allegations," or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint." Hettinga, 677 F.3d at 476.  The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

Here, the United States Attorney argues that the plaintiffs cannot "state a claim against [her] under 42 U.S.C. § 1983 based on the allegations in their [Third Amended] Complaint," Fed. Def.'s Mem. at 7, because the "[p]laintiffs have sued the [United States Attorney] in her official capacity," id. at 8, and "'[b]y its terms[,] [ ] §[ ]1983 does not apply to . . . federal officials acting under federal law," id. (quoting Lyles v. Hughes, 83 F. Supp. 3d 315, 324

4

(D.D.C. 2015)).[3] The Court agrees with the United States Attorney, and therefore, must grant her motion to dismiss.

"To recover under § 1983, [a] plaintiff must show that [a] defendant was acting 'under color' of state law." Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005); see also Tower v. Glover, 467 U.S. 914, 919 (1984). A defendant acts under color of state law if her alleged illegal action was an exercise of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 3226 (1941)). Thus, § 1983 applies only to state actors; it does not apply to federal officials acting purely under the color of federal law. See Settles, 429 F.3d at 1104; Williams v. United States, 396 F.3d 412, 415–16 (D.C. Cir. 2005); Townsend v. United States, 236 F. Supp. 3d 280, 326 (D.D.C. 2017).

The plaintiffs claim that "the United States Attorney . . . acts under color of District of Columbia law for [§] 1983 purposes when she . . . prosecute[s] local crimes in Superior Court because the power to do so comes exclusively from D.C. Code § 23-101." Pls.' Opp'n at 6. However, as the Court previously indicated,

> the plaintiffs' assertion that the [United States] Attorney prosecutes on behalf of the District, and not the federal government is belied by the text of the District of Columbia Code. Section 23-101 of the District of Columbia Code states that all criminal prosecutions in the District of Columbia, with the exception of prosecutions for certain minor crimes "shall be conducted in the name of the United States by the United States attorney for the District of Columbia[.]"

Order at 5 (May 15, 2017), ECF No. 36. Consequently, the Court concluded that "the [United States] Attorney clearly prosecutes crimes in the District of Columbia on behalf of the United

---

[3] Although the United States Attorney also argues that the Third Amended Complaint against her "must be dismissed because the doctrine of sovereign immunity bars it," Fed. Def.'s Mem. at 2, the Court need not address this argument because even if the Court had jurisdiction over the United States Attorney, the plaintiffs' § 1983 claims against her would nevertheless fail in light of the fact that the plaintiffs only allege § 1983 claims in the Third Amended Complaint, see 3d Am. Compl. at 1, 21–23, and § 1983 does not apply to federal actors, such as the United States Attorney, see Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

5

States, not the District." Id.; see Williams, 396 F.3d at 415–16 (holding that a federal official making an arrest pursuant to state law cannot be sued under § 1983 because his authority to act comes from federal law, not state law). Thus, "§ 1983 claims brought in this Circuit are not available against federal prosecutors in the [United States Attorney's Office for the District of Columbia], even when those prosecutors are prosecuting crimes in [ ] Superior Court." Townsend, 236 F. Supp. 3d at 326; see Eastridge v. United States, Civ. Action No. 06-448 (CKK), 2007 WL 495797, at *10 n.8 (D.D.C. Feb. 12, 2007) ("Assistant United States Attorneys for the District of Columbia are federal officials who act under color of federal law.").[4] Therefore, the plaintiffs' § 1983 claims against the United States Attorney must be dismissed.

Despite the District's contention that "[t]his [c]ase [s]hould [n]ot [p]roceed in [e]quity and [g]ood [c]onscience [w]ithout the United States [Attorney], [e]specially if the United States [Attorney] [w]ould [b]e [p]rejudiced [b]y a [d]ecision in [her] [a]bsence," Def.'s Statement at 4 (internal quotation marks omitted), the Court finds that this case may proceed in the United States Attorney's absence because the United States is not a required party under Rule 19(a)(1). Since the Court issued its Order on May 15, 2017, finding that "the [United States] Attorney [wa]s a required party under Rule 19(a)(1)," Order at 7 (May 15, 2017), ECF No. 36, the United States Attorney has subsequently represented to the Court that because the plaintiffs "are seeking redress for alleged injuries caused by the action of prosecutors in the District of Columbia's

---

[4] The plaintiffs' reliance on Fletcher v. District of Columbia is misguided. See Pls.' Opp'n 6–9 (citing Fletcher v. District of Columbia, 370 F.3d 1223 (D.C. Cir. 2004), judgment vacated on reh'rg, 391 F.3d 250 (D.C. Cir. 2004)). Fletcher involved the District of Columbia Revitalization Act, which is "an Act of Congress applicable exclusively to the District of Columbia," Fletcher, 370 F.3d at 1227, that "transferred authority from the District of Columbia Parole Board to the United States Parole Commission; thus, when the members of the United States Parole Commission exercise authority over District of Columbia prisoners, they are acting in the stead of District of Columbia government officials," Johnson v. District of Columbia, 584 F. Supp. 2d 83, 91 (D.D.C. 2008), aff'd, 734 F.3d 1194 (D.C. Cir. 2013). However, the same cannot be said of the United States Attorney, whose duties are governed by 28 U.S.C. § 547 (2018), an act of Congress that does not exclusively apply to the District of Columbia, and who, even under D.C. Code § 23-101, acts on behalf of the federal government, not the local District of Columbia government.

Office of the Attorney General ('OAG')," Fed. Def.'s Resp. at 1; see 3d Am. Compl. ¶¶ 103, 107, 112, "the Court could accord the complete relief [that the p]laintiffs are seeking consistent with Federal Rule[] of Civil Procedure [ ] 19(a)(1)(A)," "with the OAG as the sole defendant," Fed. Def.'s Resp. at 2, and that she "is not so situated that resolving this lawsuit w[ould] impair or impede her ability to protect her interests as required under Rule 19(a)(1)(B)," id.

With respect to Rule 19(a)(1)(A), the United States Attorney correctly notes that the plaintiffs have failed to allege any facts showing that the United States Attorney "has taken any action with respect to them." Fed. Def.'s Supp. Mem. at 2. Thus, the Court finds that, based on the United States Attorney's representations and the allegations currently before it, it can provide complete relief to the plaintiffs without the United States Attorney as a defendant in this case. And, in regards to Rule 19(a)(1)(B), the United States Attorney represents that her office "does not follow the same policies and procedures that [the] OAG is alleged to have in this case," but rather does "all that it can to avoid any arrestee . . . from being detained in excess of [forty-eight] hours," Fed. Def.'s Resp. at 2, and that her office "is proactive in monitoring how long arrestees facing [ ] charges are held pending a judicial determination and alerting the court before the [forty-eight]-hour mark so that arrestees can be presented or arraigned in a timely manner," id. These representations convince the Court that the United States Attorney's ability to protect her interest in this case will not be impaired or impeded by resolving this case in her absence.[5] Accordingly, it is hereby

**ORDERED** that the United States Attorney's Motion to Dismiss, ECF No. 66, is **GRANTED**. It is further

---

[5] The Plaintiffs' Motion to Set Schedule has been rendered moot because the Court provided the relief sought by the plaintiffs in its Order dated November 7, 2018. See Order at 2 (Nov. 7, 2018), ECF No. 76 ("[T]he United States Attorney shall file a statement of interest pursuant to 28 U.S.C. § 517 and a statement as to whether the lawsuit may proceed in her absence.").

**ORDERED** that the plaintiffs' claims alleged in the Third Amended Complaint and Jury Demand against the United States Attorney are **DISMISSED**. It is further

**ORDERED** that the Plaintiffs' Motion to Set Schedule, ECF No. 69, is **DENIED AS MOOT**. It is further

**ORDERED** that the plaintiffs shall file their opposition to the District's motion to dismiss on or before May 13, 2019. It is further

**ORDERED** that the District shall file its reply in support of its motion on or before May 20, 2019.

**SO ORDERED** this 29th day of April, 2019.

REGGIE B. WALTON
United States District Judge