# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAYLA DIONNE LEWIS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 15-352 (RBW) |

## REPLY IN SUPPORT OF DEFENDANT THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs' lengthy and disjointed opposition to the District of Columbia's (the District) motion to dismiss lacks merit. This Court has already ruled that plaintiff Felton Hill's (Hill) detention after an initial appearance in the Superior Court of the District of Columbia (Superior Court) did not violate the Fourth Amendment. Hill's new (and unpled) allegation that his Fourth Amendment rights were violated after a finding of no probable cause, and his alternative claim that his Fourth Amendment rights were violated because Magistrate Judge Karen A. Howze did not make a probable cause finding at his initial appearance, are misguided and do not warrant reconsideration. In addition, plaintiff Kayla Lewis (Lewis) fails to rebut the District's argument that her allegations in Claim I are subsumed in Claim II, given both claims allege a Fourth Amendment violation based on her detention following an initial appearance. Similarly, plaintiffs' attempt to hold the District liable for Claims I and II by arguing that Magistrate Judge Howze acted in an "administrative" capacity when she ordered their detention, disregards the Superior Court Rules of Criminal Procedure and Magistrate Judge Howze's detention order, which demonstrate

she exercised her "discretion" and acted in a judicial capacity. As the District argued in its motion to dismiss, this conduct cannot give rise to municipal liability under 42 U.S.C. § 1983 (Section 1983). Finally, plaintiffs concede that dismissal of their Fifth Amendment strip-search claim is appropriate by failing to address the District's argument that a strip-search claim can only be asserted under the Fourth, not the Fifth, Amendment. Claims I and II, and the Fifth Amendment strip-search claim asserted in Claim III, should be dismissed.

## ARGUMENT

I. **Claim I Fails to State A Fourth Amendment Violation As To Plaintiff Hill And Is Duplicative of Plaintiff Lewis's Allegations In Claim II.**

   A. **Hill's Detention Does Not Violate The Fourth Amendment.**

Hill contends that Magistrate Judge Howze improperly ordered a *Gerstein* perfection hold—a procedure by which the government requests a 24-hour hold following an arraignment to allow the correction of a *Gerstein* affidavit[1]—after his initial appearance in Superior Court on July 8, 2014. Opp'n [86] at 4. He maintains that this violated his Fourth Amendment right to be free from an unreasonable seizure because: (1) he was detained after Magistrate Judge Howze "made a finding of no probable cause" at his initial appearance, *id*. at 4, 12; or, in the alternative, (2) *Gerstein v. Pugh*, 420 U.S. 103 (1975) required his release after the initial appearance because Magistrate Judge Howze did not find that the District established probable cause and the District had completed the administrative steps incident to arrest, Opp'n at 4, 18-20, 24-35. These arguments fail.

---

[1] A *Gerstein* affidavit is an arresting police officer's sworn statement that probable cause exists to believe that a crime was committed, and that the person identified in the statement is the one who committed the crime. *See Gerstein v. Pugh*, 420 U.S. 103, 120 (1975). The record reflects that Hill committed the offense referenced in the *Gerstein* affidavit because he pled guilty two days after his initial appearance. *See* Def.'s Mot. to Dismiss (Mot.) [59], Ex. E [59-6].

First, as explained in the District's motion to dismiss, Mot. at 15, Hill asserts one theory in support of Claim I: a violation of his Fourth Amendment rights under *Gerstein* based on the District "holding [him] after presentment after the administrative steps incident to [his arrest] had been completed without an affirmative finding of probable cause …." Third Am. Compl. ¶ 103; *see also* Mot. at 17. Hill does not allege that his Fourth Amendment rights were violated based on a detention after Magistrate Judge Howze "made a finding of no probable cause." *See* Third Am. Compl. at ¶¶ 103-04. Because Hill cannot amend his pleading in response to a dispositive motion, *Arbitraje Casa De Cambio v. United States Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003), the Court should reject this argument.

Hill's argument also fails on the merits. This Court already found that Hill's assertion that Magistrate Judge Howze "made a finding of no probable cause" is implausible because it "is belied by the transcript of that proceeding." June 27, 2016 Memorandum Opinion (Mem. Op.) [17] at 7-8. "It is apparent from this transcript that … Magistrate Judge [Howze] deferred her ruling on the issue of probable cause until the subsequent hearing." *Id.* at 8. Hill cannot undermine this ruling, which is consistent with the Superior Court Rules of Criminal Procedure that were in effect. *See* Super. Ct. Crim. R. 1 (2014 ed.) ("These Rules govern the procedure in the Superior Court of the District of Columbia, Criminal Division …."); Super. Ct. Crim. R. 5(c) (2014 ed.) ("If the Court determines, based on the information offered by the prosecutor, that there is no probable cause, the Court shall release the defendant, without significant restraints on the defendant's liberty, and shall order the defendant to appear for the next Court proceeding.").

Second, as demonstrated in the District's motion, Mot. at 17, the Court has also found that Hill's Fourth Amendment rights were not violated by his detention after the initial appearance. *See* Mem. Op. at 7-8. "Hill was released within forty-eight hours of his arrest …, [so] Hill carries the

burden to 'prove that [his] probable cause determination was delayed unreasonably,' such as 'for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake.'" *Id*. at 7 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (*Riverside*)). Hill failed to do so in his Amended Complaint, *see id*. at 8, and cannot make such arguments in response to the District's motion to dismiss given the Court's prior ruling. "[I]t is well known that the 'Fourth Amendment does not compel an immediate determination of probable cause upon completing the administrative steps incident to arrest[,]'" *Ortiz v. City of Chicago*, 656 F.3d 523, 540 (7th Cir. 2011) (quoting *Riverside*, 500 U.S. at 53-54), and that "[c]ourts cannot ignore the often unavoidable delays in … obtaining the presence of an arresting officer …[,]" *Riverside*, 500 U.S. at 56-57.

Hill's claim that the 48-hour presumption articulated in *Riverside* is inapplicable because he asserts Count I under *Gerstein* instead of *Riverside*, Opp'n at 24, misses the mark. In *Gerstein*, the Supreme Court determined that the Fourth Amendment required a state to "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." 420 U.S. at 125. *Riverside* was in response to the varied interpretations of "promptness." There, the Supreme Court clarified that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*[,]" unless the plaintiff establishes there was an "unreasonable delay" of a probable cause hearing. 500 U.S. at 56. Thus, the 48-hour presumption remains applicable in Hill's case. Plaintiffs' reliance on *Chortek v. Milwaukee*, 356 F.3d 740 (7th Cir. 2004), *see* Opp'n at 27, does not establish anything to the contrary. *Chortek*, 356 F.3d at 746 (summarizing the *Riverside* holding and finding the 48-hour presumption inapplicable because "neither extended detention of

the plaintiffs nor probable cause hearings were contemplated. Rather, police held the plaintiffs only while they completed their processing.").

In sum, Hill simply raises the same arguments this Court has previously rejected in granting the District's motion to dismiss his Fourth Amendment claims in the Amended Complaint. *Compare* Opp'n *with* Pls.' Opp'n to Def.'s Mot. to Dismiss Am. Compl. [14]. This Court need not (and should not) reconsider those arguments. *See Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 226-27 (D.C. Cir. 2011) (district court does not abuse its discretion by denying reconsideration of argument already rejected on the merits). Hill's Claim I should be dismissed.

### B. Claim I Is Duplicative of Plaintiff Lewis's Allegations in Claim II.

Lewis is similarly mistaken that her Claim I is distinct from her Claim II "because the[] [claims] do not stem from identical allegations." Opp'n at 35. According to Lewis, Claim I is based on a detention after Magistrate Judge Howze conducted a probable cause determination at her initial appearance on November 3, 2014, and found that the *Gerstein* affidavit did not establish probable cause. *Id*. Lewis contends that Claim II is based on the District holding her for more than 48 hours without a probable cause hearing. *Id*. This is tautology.

In Claim I, Lewis attempts to hold the District liable for the same conduct alleged in Claim II. *See* Third. Am. Compl. ¶¶ 102-09; Opp'n at 3, 4, 18. "[B]ecause [Lewis's Claim I] 'does not present any legal or factual theories that are not already subsumed in … [Claim II],'" the Court should dismiss Lewis's Claim I. *See WMI Liquidating Trust v. FDIC*, 110 F. Supp. 3d 44, 59 (D.D.C. 2015) (Walton, J.) (quoting *Rodriquez v. Lab. Corp. of Am. Holdings*, 13 F. Supp. 3d 121, 128 (D.D.C. 2014)). Contrary to Lewis's urging, Opp'n at 36, *Soldal v. Cook County*, 506 U.S. 56 (1992) does not require the Court to hold otherwise based on the notion that Lewis alleges a violation of more than one constitutional right. 506 U.S. at 70 (allowing a plaintiff to assert two

claims based on the same wrong that implicates more than one constitutional right). That is simply not the case here.

## II. Claims I and II Should be Dismissed Because They are Premised on Actions by a Superior Court Judge, and Thus Plaintiffs Cannot Establish Municipal Liability Under Section 1983.

Even if plaintiffs pled a predicate constitutional violation under the Fourth Amendment in Claims I and II, plaintiffs acknowledge that "judges acting in their judicial capacity" cannot expose the District to liability under Section 1983. *See* Opp'n at 39, 42. That proposition applies here.

Plaintiffs contend that Magistrate Judge Howze acted pursuant to Super. Ct. Crim. R. 5(e)(1) when she ordered plaintiffs held in 2014 because, at Lewis's initial appearance, Magistrate Judge Howze "referenced the policy that she had been trained in," stated that if the prosecution asked for the hold "they get it," and "automatically granted the *Gerstein* perfection holds." Opp'n at 17, 37. These statements, however, are insufficient to establish municipal liability, especially given that Super. Ct. Crim. R. 5(e)(1)—the rule plaintiffs contend was the municipal custom or policy—did not even exist at the time of plaintiffs' initial appearances. *See* Super. Ct. Crim. R. 5 Cmt. to 2017 Amendments. To the extent plaintiffs rely on the version of Super. Ct. Crim. R. 5(c) that was in effect at the time,[2] that rule left to a judge's discretion whether to "impose[] any conditions of release."

---

[2] In 2014, Super. Ct. Crim. R. 5(c) provided, in relevant part:

If at this hearing the Court imposes any conditions of release which constitute a significant restraint on pretrial liberty upon any person who was arrested without an arrest warrant, the Court shall, unless the defendant waives an initial probable cause determination, require the prosecutor to file with the Clerk of the Criminal Division by the end of the next working day a copy of a sworn statement of fact offered to establish probable cause ….

6

At bottom, plaintiffs ask this Court to find that Magistrate Judge Howze followed a Superior Court "administrative policy or custom" of granting *Gerstein* perfection holds. Opp'n 17, 38-39 (citing *Odonnell v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018)). But in *Odonnell*, the Fifth Circuit reiterated that a municipal judge acting to enforce state law does not act as a municipal official or policymaker. 892 F.3d at 155. That is what Magistrate Judge Howze did in this case. She ordered plaintiffs held under D.C. Code § 23-1322(a), *see* Def.'s Exs. C and E [59-4, 59-6], and plaintiffs have conceded that holds under that provision are discretionary, not administrative.[3] *See* Pls.' Opp'n to Def.'s Mot. to Dismiss Am. Compl. [14] at 12 ("the statutory holds [under D.C. Code § 23-1322(a)] are discretionary"). Put differently, "the discretionary decisions of a[] [judge] without policymaking authority are insufficient to establish § 1983 liability." *Chortek*, 356 F.3d at 749.

Plaintiffs' bald claim that Magistrate Judge Howze acted pursuant to "another Superior Court administrative policy or custom," Opp'n at 18, based on a reference to "training," Opp'n at 39, is insufficient to overcome the District's motion to dismiss. Where a plaintiff "does not name or identify the policies, practices, or customs" or "cite any incident other than the events alleged in her complaint," she is "merely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation," which "is insufficient to state a claim under § 1983." *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011). The Court need not afford plaintiffs the benefit of all inferences that can be derived from the facts alleged, Opp'n at 39, where, as demonstrated, they are contrary to public

---

[3] The District does not contend that the District of Columbia Code supersedes the Fourth Amendment, as plaintiffs suggest. Opp'n at 31. Instead, the District contends that it cannot be held liable for the discretionary acts of judges acting in their judicial capacity.

records. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the court must be able to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged").

In addition, plaintiffs' understanding of *Manuel v. City of Joliet*, 137 S. Ct. 911, 914-915 (2017), is incorrect. Plaintiffs characterize that case as holding "that a detention order does not defeat a plaintiff's illegal detention claim if the order was issued based on a defective Gerstein lacking in probable cause …." Opp'n at 43 (emphasis in original). But the plaintiff in *Manuel* "was held in jail for some seven weeks after a judge relied on allegedly fabricated evidence to find probable cause that he had committed a crime." 137 S. Ct. at 914. The Supreme Court simply held that he was entitled to seek damages because detention without probable cause violates the Fourth Amendment, leaving "all other issues" for the lower courts to decide on remand. *Id*. The Court did not address whether a decision by a municipal judge constitutes a custom or policy that subjects a municipality to liability.

### III.     Claim III Cannot be Sustained Under the Fifth Amendment.

Finally, plaintiffs cite *Velarde v. County of Alameda*, Civil Action No. 15-03323-SI, 2016 U.S. Dist. LEXIS 53110 (N.D. Cal. Apr. 20, 2016), as the sole support for their Fifth Amendment strip-search claim. Opp'n at 36-37. However, *Velarde* did not squarely address whether a plaintiff can assert a strip-search claim under the Fifth Amendment. And because plaintiffs have failed to rebut the District's argument that plaintiffs' strip-search claim can only be asserted under the Fourth Amendment, Mot. at 23-24, the Court should treat that argument as conceded. *Hopkins v. Women's Div.*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (Walton, J.) (citations omitted) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and

addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").[4]

## CONCLUSION

For the foregoing reasons, this Court should grant the District's motion to dismiss.

Dated: July 29, 2019.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS (974858)
Chief, Equity Section

/s/ Michael A. Tilghman II
MICHAEL A. TILGHMAN II (988441)
SCOTT P. KENNEDY[*]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630S
Washington, D.C. 20001
(202) 727-6247; (202) 741-8776 (fax)
michael.tilghman@dc.gov

*Counsel for Defendant*
*The Government of the District of Columbia*

---

[4] Oddly, plaintiffs state that they "are aware that the Court dismissed this claim in the original memorandum opinion but Plaintiffs do not wish to abandon the claim." Opp'n at 36-37. This Court has not previously addressed the issue.

[*] Admitted to practice only in the State of Washington. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar. *See* LCvR 83.2(f).