**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**KAYLA DIONNE LEWIS**, *et al*.,

        *Plaintiffs*,

v.

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

        *Defendant*.

|

**Civil Action No. 15-352 (RBW)**

---

## DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant the District of Columbia (the District) responds to plaintiffs' Third Amended Complaint (Complaint) as follows:

### DEFENSES

Defendant asserts and preserves the following defenses and reserves the right to assert additional defenses.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant, at all relevant times, acted consistently with applicable laws, rules, regulations, and constitutional provisions.

### THIRD DEFENSE

Defendant denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further denies that plaintiffs are entitled to any relief.

**FOURTH DEFENSE**

The doctrines of waiver, estoppel, unclean hands and laches equitably bar plaintiffs from seeking some or all of the relief sought in the Complaint.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of judicial immunity.

**SIXTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because the injunctive relief requested by plaintiffs exceeds the scope of their claims.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to any equitable relief from this Court because of their own actions or inactions.

**EIGHTH DEFENSE**

Plaintiffs' claims fail to meet the requirements for class certification under Fed. R. Civ. P. 23.

**NINTH DEFENSE**

Some of plaintiffs' claims are barred by the Court's October 8, 2019 Order [91] and Memorandum Opinion [92].

**TENTH DEFENSE**

The Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

Defendant states that these defenses are asserted based on information presently available to avoid waiver. Defendant reserves the right to amend this Answer and to withdraw any of these defenses or to assert additional defenses as further information becomes available.

## ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

### Introduction[1]

1.      This paragraph purports to characterize the nature of plaintiffs' action. To the extent a response is required, the allegations are denied.

2.      This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

3.      This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

4.      This paragraph purports to characterize the nature of plaintiffs' action, and contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

### Jurisdiction and Venue

5.      Defendant denies the allegations, but admits that plaintiffs purport to invoke the Court's jurisdiction as stated.

6.      The first part of this paragraph states a legal conclusion. To the extent a response is required, the allegations are denied. As to the second part of the paragraph, defendant lacks

---

[1] Headings are provided to correspond to the Complaint to assist the Court in reviewing the Answer. However, defendant denies all statements in the headings.

sufficient information to admit or deny whether "all events described [in the Complaint] occurred in the District of Columbia."

**Parties**

7.      Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

8.      Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

9.      Defendant admits that the District is a municipal corporation that can be sued under applicable law.

10.      Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

11.      This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

12.      Defendant avers that the Office of the Attorney General for the District of Columbia prosecutes certain misdemeanor and juvenile offenses in the District.

13.      This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

14.      Defendant avers that the United States Attorney's Office for the District of Columbia may also prosecute certain misdemeanor offenses in the District.

15.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.[2]

16.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

**The District must establish probable cause at the initial appearance in order**

**to have an arrestee "detained" pending trial**

**<u>Gerstein</u> "Perfection" In Superior Court**

17.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

18.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

19.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

20.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

21.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

22.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

---

[2]     Footnote 1 to the Compliant contains factual characterizations. Accordingly, no response is required. To the extent a response is required, the allegations are denied.

23. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

**Initial Appearances in the District of Columbia under Rule 5**

24. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

25. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

26. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

27. This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

28. This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

29. This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

30. This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

31. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

32. This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.[3]

---

[3] Footnote 2 to the Complaint contains legal conclusions. To the extent a response is required, the allegations are denied.

33.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

### Gerstein "Perfection" Holds In Superior Court when the Gerstein does not establish probable cause

34.     This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

35.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

36.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

37.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

38.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

39.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterization and legal conclusions. To the extent a response is required, the allegations are denied.

40.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterization and legal conclusions. To the extent a response is required, the allegations are denied.

41.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterization and legal conclusions. To the extent a response is required, the allegations are denied.

42.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

43.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterization and legal conclusions. To the extent a response is required, the allegations are denied.

44.     This paragraph contains legal conclusions. To the extent a response is required, the allegations are denied.

45.     This paragraph contains legal conclusions. To the extent a response is required, the allegations are denied.

**Defects in <u>Gersteins</u> could be easily remedied within the same court session**

46.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

47.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

48.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

49.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

50.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

51.     This paragraph purports to characterize the nature of plaintiffs' action and contains legal conclusions. To the extent a response is required, the allegations are denied.

52.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

53.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

54.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations and legal conclusions. To the extent a response is required, the allegations are denied.

### Persons Held For "Gerstein Perfection" Holds Are Held at the DC Jail and Subjected to Illegal and Humiliating Strip-Searches

55.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

56.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

57.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

58.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

59.     This paragraph purports to characterize a document which speaks for itself. To the extent the allegations in this paragraph differ from the document, the allegations are denied.

60.     This paragraph purports to characterize a document which speaks for itself. To the extent the allegations in this paragraph differ from the document, the allegations are denied.

61.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

62.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.[4]

63.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

64.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

65.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

66.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

67.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

68.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

69.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

70.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

---

[4]     Footnote 3 to the Complaint contains factual characterizations. To the extent a response is required, the allegations are denied.

71.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

72.     This paragraph purports to characterize the nature of plaintiffs' action and contains factual characterizations. To the extent a response is required, the allegations are denied.

**Details of Ms. Lewis' Arrest and Detention for "<u>Gerstein </u>Perfection"**

73.     Defendant avers that Lewis was arrested by the Metropolitan Police Department (MPD) on November 1, 2014 for suspicion of driving while impaired.

74.     Defendant avers that Lewis appeared for an arraignment on November 3, 2014, and denies the remaining allegations in this paragraph.

75.     Defendant avers that the Superior Court docket entry states that a hearing was held at 1:00 p.m., and denies the remaining allegations in this paragraph.

76.     Defendant avers that the government submitted a *Gerstein* affidavit at Lewis's arraignment and requested a hold under D.C. Code § 23-1322(a)(1)(A).

77.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

78.     Defendant denies the allegations in this paragraph.

79.     Defendant avers that the judicial officer asked the AAG "You want 24 Hours?" and did not order Lewis released. The remaining allegations in this paragraph are denied to the extent they are inconsistent with defendant's averment.

80.     Defendant admits the allegations in this paragraph.

81.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

82.     This paragraph contains factual characterizations. To the extent a response is required, the allegations are denied.

83.     Defendant avers that Lewis was detained until November 4, 2014, under D.C. Code § 23-1322(a)(1)(A), which allowed the correction of typographical errors on the *Gerstein* affidavit relating to her arrest. The remaining allegations in this paragraph are denied.

84.     Defendant avers that Lewis was transported to D.C. Jail on November 3, 2014.

85.     Defendant denies the allegations in this paragraph.

86.     Defendant avers that Lewis was detained until November 4, 2014.

87.     Defendant avers that Lewis was transported back to Superior Court on November 4, 2014.

88.     Defendant denies the allegations in this paragraph.

89.     Defendant denies the allegations in this paragraph.

### Details of Mr. Hill's Arrest and Detention for "*Gerstein* Perfection"

90.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

91.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

92.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

93.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

94.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

95.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

96.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

97.     Defendant denies the allegations in this paragraph.

98.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

99.     Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

100.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

101.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

## Substantive Allegations for Claims

### Claim 1

### § 1983 Liability of the District of Columbia Under the Fourth Amendment for

### Illegal Holds Under <u>Gerstein v. Pugh</u>

102.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendant. Defendant restates the responses to the preceding paragraphs as if fully incorporated here.

103.    Defendant denies the allegations in this paragraph.

104.    Defendant denies the allegations in this paragraph.

105.    Defendant denies the allegations in this paragraph.

### Claim 2

### § 1983 Liability of the District of Columbia Under the Fourth Amendment Under

### <u>Riverside</u>

106.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendant. Defendant restates the responses to the preceding paragraphs as if fully incorporated here.

107.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

108.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

109.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

110.    Defendant need not answer this paragraph because (1) there is no allegation contained in this paragraph; and (2) this paragraph is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

**Claim 3**

**§ 1983 Liability of the District of Columbia Under the Fourth and Fifth**

**Amendments for Illegal Strip Searches**

111.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendant. Defendant restates the responses to the preceding paragraphs as if fully incorporated here.

112.    Defendant denies the allegations in this paragraph.

113.    Defendant denies the allegations in this paragraph.

114.    Defendant denies the allegations in this paragraph.

**Rule 23 Class Allegations**

115.    This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the allegations are denied.

116.    This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the allegations are denied.

117.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court. *See* Oct. 8, 2019 Order [91] and Mem. Op. [92]. To the extent a response is required, the allegations are denied.

118.    This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the allegations are denied.

119.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

120.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

121.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

122.     Defendant denies the allegations in this paragraph.

123.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

124.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

125.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

126.    This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the allegations are denied.

127.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

128.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

129.    This paragraph states a legal conclusion. To the extent a response is required, the allegations are denied.

130.    This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the allegations are denied.

**Class Relief Demands**

131.    This paragraph, incorrectly numbered as paragraph 102, contains a prayer for relief. To the extent a response is required, defendant denies the allegations and denies that plaintiffs are entitled to the relief requested.

Defendant respectfully requests a judgment dismissing the Third Amended Complaint with prejudice and awarding defendant costs of this action, and such additional relief as the Court may deem just and proper.

**<u>JURY DEMAND</u>**

Defendant demands a jury trial on all claims triable by jury in this case.

Dated:  October 22, 2019.                        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS (974858)

17

Chief, Equity Section

/s/ Michael A. Tilghman II
MICHAEL A. TILGHMAN II (988441)
SCOTT P. KENNEDY*
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630S
Washington, D.C. 20001
(202) 727-6247
(202) 741-8776 (fax)
michael.tilghman@dc.gov

**Counsel for Defendant**
**The Government of the District of Columbia**

---

\* Admitted to practice only in the State of Washington. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar. *See* LCvR 83.2(f).